Submitted on record and brief May 31, 1983, reversed and
remanded for reconsideration January 4, 1984

## CHRISTENSEN,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION et al,
*Respondents.*

(82-AB-1769; CA A26352)

673 P2d 1379

Milo Wayne Christensen, Gresham, filed the brief pro se for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Bingham-Willamette Company.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

The issue in this unemployment benefit appeal is whether there is substantial evidence in the record that claimant's drinking was in wilful disregard of his employer's best interests. The Employment Appeals Board (EAB) found that there was. We are unable to find any evidence supporting EAB's determination and reverse.

Claimant is a chronic alcoholic who appears from the record to have significant periods of sobriety followed by relapses. Employer hired him knowing of his condition, warning him at the outset about absenteeism. In 1979 and 1980, claimant missed only one-half day of work. In 1981, he apparently began drinking again and had several periods of absence, the extent of which was due in part to his medical condition, which requires hospitalization for detoxification after a drinking period. In November, 1981, employer told him that he had one last chance to prove himself. He had perfect attendance in December but missed the first four days of January, 1982, because of renewed drinking. Employer terminated him on January 13, effective March 15.

The referee found that claimant's absences were caused by an acute illness (undoubtedly alcoholism) over which he had no control. EAB reversed. It recognized that claimant suffers from alcoholism, but it found that, because each lapse from sobriety necessarily occurred during a period of sobriety, and because claimant had shown the ability to control his disease, he failed to do what was necessary to maintain that control.[1] EAB's position, apparently, is that an alcoholic who has some success in combating the disease but who then has a relapse is responsible for the results of that relapse, while one who never has any success in controlling the

---

[1] EAB's decision states in part:

"We accept that alcoholism is a disease and that the sufferer may, by a single drink, be compelled to further drinking and the resultant irresponsibility. But we also remark that after proving the possibility of controlling the menace for an extended period, the claimant failed to do whatever was necessary to continue that control. Each failure, most importantly the last incident which led to the discharge, necessarily occurred during a period of sobriety. We cannot speculate whether, and the claimant has not persuasively shown by a preponderance of the evidence that it was reasonably impossible for him to avoid the recurrences which interfered with his work and led to his discharge. We, therefore, conclude that he must be disqualified for unemployment insurance benefits."

disease is not responsible for its results.[2] It apparently did not consider the possibility that a relapse may in itself be a part of the disease, although the record contains support for such a possibility.

There is no evidence in the record for EAB's peculiar view of alcoholism. The only evidence is that control of alcoholism is a constant struggle. Employer's only witness, himself an alcoholic who had not had a drink in over 10 years at the time of the hearing, continued to attend Alcoholics Anonymous meetings, at times the same meetings as those claimant attended, and testified that he was familiar with the condition of sporadic alcoholism. To reach its conclusion EAB had to find claimant and his former wife incredible and to ignore this aspect of the employer's evidence. It made no credibility findings as required by *Lewis v. Employment Division,* 66 Or App 303, 673 P2d 1376 (1984), and *Petro v. Employment Division,* 32 Or App 17, 573 P2d 1250 (1978).

Reversed and remanded for reconsideration.[3]

---

[2] We note that EAB did not suggest what claimant might have done to continue the control nor find that he was able to do it. OAR 471-30-038(3) provides in part that "absences due to illness or other physical or mental disability" are not misconduct for the purpose of denying unemployment benefits.

[3] We note, in passing, that virtually all the evidence in the record of reasons for claimant's renewed drinking relates to non-work-related problems. There is no evidence that he began drinking in wilful disregard of his employer's best interests. The evidence is that, even during a drinking period, he tried to fulfill the requirements of his job. Our remand should not be construed by EAB as indicating that we believe that it has much—if any—choice on remand other than to grant benefits to claimant.