Argued and submitted May 21, reversed and remanded
for reconsideration June 27, 1984

GETHING,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(83-AB-1978; CA A29986)

683 P2d 133

Susan Buckles, Coos Bay, argued the cause for petitioner. On the brief was Ellen Mendoza, Coos Bay.

No appearance for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

### ROSSMAN, J.

Claimant appeals an order of the Employment Appeals Board (EAB) which disqualified her from receiving unemployment compensation. ORS 657.176. We reverse and remand for reconsideration.

Claimant was terminated from her position as a ward clerk at Bay Area Hospital in Coos Bay, because she was unable properly to perform her job duties. Both the Assistant Director and the hearings referee concluded that she was not guilty of any misconduct in connection with her termination and that, therefore, she was eligible for unemployment benefits.

Following a request by employer, EAB reviewed the case. Its order provides, in pertinent part:

"We have reviewed the entire hearing record and enter the following

"FINDINGS OF FACT: (1) The claimant worked for the above employer as a ward clerk. (2) Her duties included transcribing medical orders to patient's records. (3) Errors in such work created a risk of improper patient care, with potentially serious results. (4) In February and March 1983 and on May 16, 1983, the claimant was warned that errors in her transcriptions could not be tolerated and that she must therefore double check such work. (5) Because she made additional errors, she was discharged May 17, effective June 1, 1983.

"CONCLUSIONS AND REASONS: We disagree with the referee and conclude that the claimant was discharged for misconduct connected with her work. *We accept that the claimant did not deliberately make the errors which led to her discharge.* However, in view of the high degree of care she was required to exercise, the pattern of errors (which could have been eliminated by proper double checking) shows continued neglect constituting disqualifying misconduct under OAR 471-30-038.

"DECISION: [The] Referee Decision * * * is set aside. The claimant is disqualified under ORS 657.176(2)(a)." (Emphasis supplied.)

We have reviewed the record and accept EAB's findings of fact. However, we do not accept its conclusions.

■    ORS 657.176(2)(a) provides that an individual who "has been discharged for *misconduct* connected with work" (emphasis supplied) is disqualified from unemployment compensation. For purposes of ORS 657.176(2)(a), misconduct is defined by OAR 471-30-038(3):

> "Under the provisions of ORS 657.176(2)(a) and (b), misconduct is a willful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a willful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for purposes of denying benefits under ORS 657.176."

From that definition, it is apparent that there are three types of misconduct: (1) *willful* violation of expected standards of conduct; (2) *willful* disregard of an employer's interests; and (3) recurring negligence which demonstrates *wrongful intent.*

■    In this case, EAB specifically found that claimant did not deliberately make errors. An action that is not deliberate cannot be willful or wrongfully intended. Accordingly, EAB's conclusion that claimant was guilty of misconduct does not follow from its findings. ORS 183.482(1)(a); *see Johnson v. Employment Division,* 56 Or App 454, 642 P2d 329, *rev den* 293 Or 235 (1982). Once it was determined that claimant's actions were not deliberate, the only possible conclusion under ORS 657.176(2)(a) and OAR 471-30-038(3) was that her problem resulted from lack of job skills or experience, which is not a basis for disqualification.[1]

Reversed and remanded for reconsideration.

---

[1] Claimant also assigns as error the implication in the EAB decision that the nature of claimant's work required a higher degree of care. Although we do not reach the issue, given our resolution of the case, we note that OAR 471-30-038(3) appears to allow for a variable standard of care in that it refers to "the standards of behavior which an employer has a right to expect of an employe."