Argued and submitted September 13, reversed and remanded for reconsideration
November 7, 1984

McDONALD,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(84-AB-490; CA A32413)

690 P2d 1081

Jan Perkins, Klamath Falls, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, waived appearance for respondent Employment Division.

Herman F. Smith, Klamath Falls, argued the cause and filed the brief for respondent Jeld-Wen Door.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Claimant seeks review of an Employment Appeals Board decision that found him ineligible for unemployment benefits under ORS 657.176(2)(a). Because we find that EAB's decision is not supported by its findings, we reverse and remand for reconsideration.

Claimant, a longtime employe of Jeld-Wen Door, was involved in a fight with another employe during working hours. Both he and the other employe were terminated. In the original administrative decision, the assistant director of the Employment Division ruled that claimant's discharge did not involve misconduct, and benefits were allowed. Jeld-Wen requested a hearing.

The referee's decision provided in part:

"FINDINGS OF FACT: (1) Claimant was employed by Jeld Wen Door from November 17, 1975, until November 28, 1983. (2) At the time of separation, he was an assistant clamp operator assembling doors. (3) On the last day of his employment, claimant was working adjacent to another employe who was a clamp operator. (4) While claimant was handling wooden material (stiles), the clamp operator who needed the stiles in his work jerked them out of claimant's hands with such force a splinter was driven into one of them drawing blood. (5) Claimant reacted by pushing over a pile of panels which fell in the direction of the clamp operator. (6) The clamp operator then picked up a 'rail' (a 15-inch wooden stick) and threw it at claimant hitting him and another employe in the back. (7) The clamp operator then pushed aside some equipment and/or supplies and lunged at claimant. (8) The physical makeup of claimant and the other individual is such that the clamp operator pinned claimant up against a wall, or in the latter's words 'boxed me in.' (9) The clamp operator subsequently released claimant and returned to his work station. * * * [(10)] After the supervisor conferred with the general manager, the employer, having given claimant three days' suspension, discharged him on December 1, 1983, for violation of employer rules regarding employe conduct. * * * (Footnote omitted.)

"CONCLUSION AND REASONS: Claimant was discharged for misconduct connected with his work.

"OAR 471-30-038(3) states in part that '[M]isconduct is a wilful violation of the standards of behavior which an

employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interests, or recurring negligence which demonstrates wrongful intent is misconduct.

"Although claimant's reaction to the clamp operator jerking the stiles out of his hands caused in part by his holding onto them with more force than needed and then pushing the material off onto the clamp operator, although instantaneous, were voluntary acts and could have been avoided. Whether any of the material hit the clamp operator is immaterial. Clearly, at that point, the resulting affray could have been prevented by claimant. Claimant was or through prior employe meetings should have been aware of the consequences of employe fighting regardless of the severity of the provocation, and although there may be some extenuating circumstances, they do not lessen the fact the parties engaged in an altercation on the company premises during working hours to the jeopardy of, not only themselves, but fellow employes (it is to be recalled one such, along with claimant, was hit by a flying object) as well as damage to the employer's property and disruption of its plant production."

After a review initiated at claimant's request, EAB, with one member dissenting, adopted the referee's decision. This appeal followed. Claimant argues, among other things, that the EAB decision is not supported by its findings. We agree. "Misconduct" is defined by OAR 471-30-038(3).

"* * * [M]isconduct is a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest or recurring negligence which demonstrates wrongful intent is misconduct. *Isolated instances of poor judgment * * * are not misconduct for purposes of denying benefits under ORS 657.176.*" (Emphasis supplied.)

There is evidence in this record that claimant's conduct may have been merely an isolated instance of poor judgment. However, EAB failed to make any findings in that regard. In the absence of such findings, EAB's conclusion that claimant was discharged for misconduct is unsupportable. *See McCann v. OLCC,* 27 Or App 487, 493, 556 P2d 973 (1976), *rev den* (1977).

Reversed and remanded for reconsideration.