# BOWMAN,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (84-AB-339; CA A32281)

691 P2d 148

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Scott A. Fewell, Corvallis, argued the cause and filed the brief for respondent Fewel and Associates.

James E. Mountain, Jr., Solicitor General, Salem, waived appearance for respondent Employment Division.

Before Joseph, Chief Judge, and Warden and Newman, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Petitioner appeals from a decision of the Employment Appeals Board denying him unemployment compensation on the ground that he was terminated for misconduct. EAB adopted these findings of facts:

"(1). Claimant worked as a wholesale food sales person for the employer from 1980 through November 14, 1983. (2) Claimant's job duties included selling brand name food items handled by the employer to supermarkets in the claimant's area. (3) The claimant's sales area included the portion of the state from Eugene to Roseburg and the south coast. (4) In mid August the check of the claimant's stores by the claimant's supervisor revealed that many of the stores had not been adequately serviced by the claimant. (5) On August 30, 1983 the claimant's supervisor sent a memo to the claimant indicating the problems which were found in the claimant's stores and stating that the claimant needed to remedy the problems and that the situation would again be reviewed in one month. (6) On October 10, 1983 the claimant's supervisors made a spot check of some of the claimant's stores and again found deficiencies in each of the stores. (7) On October 10, 1983 the supervisor also found that the claimant had not started to use a new computer generated inventory form which all sales persons had been instructed to begin using on that date. (8) On October 14, 1983 the claimant was given notice that he would be discharged on November 14, 1983 if he did not voluntarily leave employment before that date. (9) On November 14, 1983 the claimant was discharged due to poor job performance."

EAB concluded that petitioner's "failure to improve the deficiencies cited by his supervisor showed a disregard for his duty and for the employer's interest" and constituted misconduct under OAR 471-30-038 that disqualified him from receiving unemployment benefits under ORS 657.176(2)(a).

ORS 657.176(2)(a) provides that a claimant may be disqualified from unemployment insurance compensation:

"(2)   If the authorized representative designated by the assistant director finds that the individual:

"(a)   has been discharged for misconduct connected with work * * *."

OAR 471-30-038 defines "misconduct" as a "wilful violation"

of the employer's standards. It can be either a "wilful disregard for an employer's interest, or recurring negligence which demonstrates wrongful intent."

At most, the facts found indicate that petitioner failed on several occasions to meet his employer's performance standards. They do not support the conclusion that petitioner's failure to meet those performance standards was *wilful.* There was no finding that petitioner had wilfully refused to perform as best he could. EAB's conclusion that petitioner's performance constitutes misconduct does not follow from its findings.[1] *McCann v. OLCC,* 27 Or App 487, 495, 556 P2d 973 (1976), *rev den* 277 Or 99 (1977); *Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975).

Reversed and remanded for reconsideration.

---

[1] EAB reversed the referee, who had concluded that petitioner was not discharged for misconduct in connection with his employment. One EAB member dissented.