Submitted on petitioner's reconsideration filed November 19, 1984, reconsideration allowed former opinion (70 Or App 356, 688 P2d 854) withdrawn; reversed and remanded for reconsideration February 27, 1985

KAEDING,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(84-AB-147; CA A31040)

695 P2d 966

Jan Perkins, Oregon Legal Services Corporation, Klamath Falls, for petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant was terminated from employment for allegedly wilfully failing to report for work as scheduled without notifying his employer. He appealed an EAB order denying him unemployment compensation, contending that his conduct was the result of the illness of alcoholism and, therefore, not misconduct. We originally affirmed without opinion. 70 Or App 356, 688 P2d 854 (1984). Thereafter, claimant filed a petition requesting reconsideration of our decision in the light of *Christensen v. Employment Division*, 66 Or App 309, 673 P2d 1379 (1984). In the light of *Christensen,* we allow the petition for reconsideration and reverse and remand the EAB order.

Claimant worked for employer for approximately four years. He was discharged for failing to call in or report for work on October 5, 1983.

Claimant is a recovering alcoholic but was suffering a relapse at the time of his discharge. He had been warned by his employer on several occasions about his drinking and in July, 1983, underwent treatment for 30 days. Following treatment, he remained sober and regularly attended counseling sessions and meetings of Alcoholics Anonymous (AA). However, on September 21 he received news that his father was gravely ill. That, in combination with some other serious personal problems, created a crisis situation for claimant. Fearing a relapse, claimant attempted to contact members of his AA support network for help. He was unable to make contact with anyone. He stated that his calls to a 24-hour AA phone number were not answered. That evening he began drinking again. He continued to attend counseling sessions and to report for work but, according to his own testimony, was out of control. The relapse lasted three and one half weeks, during which the disqualifying incident occurred. After sobering up, he resumed treatment.

Claimant's application for unemployment compensation was initially denied. Following a hearing, the referee set aside the denial, holding that claimant's failure to report for work was caused by alcoholism, which is an "illness" within the meaning of OAR 471-30-038(3). (Absences due to illness are not misconduct.) EAB, one member dissenting, reinstated the denial. It concluded that:

"Although his condition may have prevented him from appearing for work as scheduled on October 5, it has not been shown that it prevented him from notifying the employer of his absence or seeking other assistance."

In his petition, claimant argues, as did the dissenting EAB member, that *Christensen v. Employment Division, supra,* is controlling here. We agree. In *Christensen,* EAB concluded that a chronic alcoholic's drinking was in wilful disregard of his employer's best interests. Specifically, EAB concluded:

" 'We accept that alcoholism is a disease and that the sufferer may, by a single drink, be compelled to further drinking and the resultant irresponsibility. But we also remark that after proving the possibility of controlling the menace for an extended period, the claimant failed to do whatever was necessary to continue that control. Each failure, most importantly the last incident which led to the discharge, necessarily occurred during a period of sobriety. We cannot speculate whether, and the claimant has not persuasively shown by a preponderance of the evidence that it was reasonably impossible for him to avoid the recurrences which interfered with his work and led to his discharge. We, therefore, conclude that he must be disqualified for unemployment insurance benefits.' " 66 Or App at 311 n 1.

We reversed and remanded, in part because there was "no evidence in the record for EAB's peculiar view of alcoholism." EAB had failed even to consider that his inability to avoid relapses might in itself be part of the disease even though there was support for that position in the record. 66 Or App at 312.

This case is analogous to *Christensen.* Although EAB acknowledged that claimant's absences were due to his alcoholism, it failed to consider that his failure to call in might have been caused by his disease also. It is clear from the order that EAB's disqualification hinged on claimant's failure to call in and not on his absence. If, in fact, claimant's failure to call in was caused by his illness, then it cannot have been wilful. If it was not wilful, it was not "misconduct." OAR 471-30-038; *Gething v. Employment Division,* 68 Or App 900, 683 P2d 133 (1984). Conversely, if the failure to call in was not the result of claimant's alcoholism, it might well have been

wilful. From the face of this order we are unable to tell which is the case and, therefore, cannot perform a meaningful review.

Petition for reconsideration allowed; former opinion withdrawn; reversed and remanded for reconsideration.