Argued and submitted October 19, 1984, reversed and remanded for reconsideration
March 20, 1985

# TATUM,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (84-AB-306; CA A32387)
696 P2d 1170

Jeanne Kincaid, Oregon Legal Services Corporation, Hills-
boro, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem,
waived appearance for respondent Employment Division.

No appearance by respondent Tektronix.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Petitioner seeks judicial review of a decision of the Employment Appeals Board denying him unemployment compensation benefits on the ground that he was terminated by his employer for misconduct. We reverse and remand for reconsideration.

Claimant was terminated from his position as a panel fabricator at Tektronix, because he failed to perform his job duties according to the employer's standards. Both the Assistant Director and the hearings referee found that claimant was not discharged for misconduct and that, therefore, he was eligible for unemployment benefits. Specifically, the referee found that "[w]hen counseled for his shortcomings, claimant exhibited a desire to perform properly," that "[o]n those occasions when it was important to check a first part for accuracy before going on with production, claimant tried to do so himself or got someone to check for him" and that "[d]espite these things, claimant's work was never fully satisfactory during the 2 1/2 years he worked for his last supervisor." The referee concluded that, as indicated by claimant's "good work attitude and his attempts to make sure that parts were properly made," he simply was unable to perform up to par.

EAB's order on review provided, in pertinent part:

"FINDINGS OF FACT: (1) The claimant worked for the above employer from 1976 to August 1983. (2) He last worked as a panel fabricator, a position in which he had several years of experience. (3) In March 1983, he was put on probation because of poor production: he too often failed to read and follow instructions accompanying assignments and therefore made errors in the production, he failed to follow his supervisor's instructions and he did not carefully check his work. (4) He continued to make similar mistakes after being put on probation and was discharged August 12, 1983.

"CONCLUSION AND REASONS: We do not agree with the decision of the referee and conclude that the claimant was discharged for misconduct connected with his work. It is true that an employee cannot be expected to continually do perfect work. But, the claimant's performance showed an apparent lack of proper concern for his duty. That was particularly demonstrated with regard to such things as his failure to read the written instructions, not following his supervisor's

instructions, and failing to check his work. Whether the claimant was complacent or deliberately insubordinate, his performance was misconduct as defined by OAR 471-30-176(2)(a).

"DECISION: Referee Decision 83-P-726 is set aside. Claimant is disqualified under ORS 657.176(2) by reason of his separation from work."

Under ORS 657.176(2)(a), an individual who "has been discharged for misconduct connected with work" is disqualified from receiving unemployment compensation. "Misconduct" for purposes of that statute is defined in OAR 471-30-038(3):

"Under the provisions of ORS 657.176(2)(a) and (b), misconduct is wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for purposes of denying benefits under ORS 657.176."

In *Gething v. Employment Division,* 68 Or App 900, 903, 683 P2d 133 (1984), we observed:

"From [OAR 471-30-038(3)], it is apparent that there are three types of misconduct: (1) *willful* violation of expected standards of conduct; (2) *willful* disregard of an employer's interests; and (3) recurring negligence which demonstrates *wrongful intent.*" (Emphasis in original.)

Claimant's appeal is predicated on the argument that EAB's decision that he was discharged for misconduct is not supported by its findings. We agree. The finding that claimant continued to make mistakes after being put on probation indicates only that claimant failed to perform at the level expected by employer; it does not necessarily follow that his failure to meet that standard was willful or wrongfully intended. *See Bowman v. Employment Division,* 71 Or App 16, 691 P2d 148 (1984); *Gething v. Employment Division, supra,* 68 Or App at 902. Because there is evidence that claimant's failure to follow his supervisor's instructions on two occasions (seeking help from a co-worker rather than the lead person

and approving a co-worker's work) may have been merely isolated instances of poor judgment, EAB's failure to make any findings in that regard precludes reliance on that conduct to support its conclusion that claimant was discharged for misconduct. *McDonald v. Employment Division*, 70 Or App 695, 690 P2d 1081 (1984). There is no finding that claimant willfully performed at a level below his capability and, contrary to EAB's assertions, that claimant may have been "complacent" is not a basis for disqualification. Accordingly, EAB's decision that claimant's performance constituted misconduct does not follow from its findings. *See McCann v. OLCC*, 27 Or App 487, 493-95, 556 P2d 973 (1976), *rev den* (1977).

Reversed and remanded for reconsideration.