Argued and submitted November 7, reversed and remanded for reconsideration
December 7, 1988

CITY OF PORTLAND,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(EAB 88-AB-376; CA A48102)

765 P2d 222

Liana Colombo, Deputy City Attorney, Portland, filed the brief for petitioner.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Greg O'Neill, Bend, argued the cause and filed the brief for respondent Robert D. Clary.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Employer seeks review of EAB's decision that claimant, who was discharged as a police officer for unlawful possession and use of cocaine and for other related violations of employer's rules, is eligible for unemployment compensation. EAB found that claimant was addicted to alcohol and cocaine and that, because of his addiction, his misconduct was not "wilful."

In *James River Corp. v. Employment Division,* 94 Or App 268, 765 P2d 217 (1988), we reversed and remanded EAB's order allowing benefits to a claimant who was fired for on-the-job intoxication. The essence of our reasoning was that EAB interpreted and applied our decisions in *Christensen v. Employment Division,* 66 Or App 309, 673 P2d 1379 (1984), and *Kaeding v. Employment Division,* 72 Or App 392, 695 P2d 966 (1985), as establishing a rule of law that an alcoholic person cannot wilfully engage in alcohol-related conduct, because the condition, rather than the person, dictates the conduct. We disagreed with EAB's understanding of the two opinions and explained that it is a question of fact whether the condition or the actor's wilfulness caused the conduct in any given case. We therefore remanded the order for EAB to make appropriate findings and for further consideration.

The same result follows and essentially the same reasoning applies here, but two additional factors are present: Claimant was a policeman, and he used a different and illegal drug as well as alcohol. In principle, there is no reason why the general rule should differ in the case of alcoholism and the case of addiction to and illegal use of controlled substances: If a person's substance-related condition causes him to engage in certain conduct without volition, the conduct is not wilful under ORS 657.176(2)(a) and OAR 471-30-038(3). However, that generality does not answer any specific questions. The evidence in particular cases could show that different substances may have different effects on a person's capacity to engage wilfully in various forms of conduct. Moreover, as Division correctly observes:

> "Assuming that one accepts the disease model of alcoholism, it is evident that a person who unknowingly has the disease could begin to drink and be led by the disease into compulsive

drinking without committing any unlawful acts. The same cannot generally be said of narcotic addiction."

In other words, the first drink is a legal act; the first snort of cocaine is not, and there was evidence that claimant used cocaine for a number of years.

■ Generally, off-the-job use of illicit drugs which does not impair work performance is not "connected with work" within the meaning of ORS 657.176(2)(a). *See Glide Lumber Prod. Co. v. Emp. Div. (Smith),* 86 Or App 669, 741 P2d 907 (1987). If EAB needs to reach the question on reconsideration, it should decide in the first instance whether that general rule applies to police officers and whether it is germane to the specific violations on which claimant's discharge was based.

Reversed and remanded for reconsideration.