Argued and submitted October 31, reversed and remanded for reconsideration
December 7, 1988

JAMES RIVER CORPORATION,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(88-AB-99; CA A47539)

765 P2d 217

Steven J. Nemirow, Portland, argued the cause for petitioner. With him on the brief were Richard N. Van Cleave and Spears, Lubersky, Bledsoe, Anderson, Young & Hilliard, Portland.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent Steven G. Gribble.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant was discharged for being intoxicated while at work at employer's paper mill. His condition was the culmination of a day of heavy drinking which preceded his reporting to work. Employer seeks review of EAB's decision that, because claimant is an alcoholic, his misconduct was not "wilful," ORS 657.176(2)(a); OAR 471-30-038(3), and he is therefore entitled to unemployment compensation. We reverse and remand.

EAB reasoned:

"We would point out that our affirmation [of the referee] is based upon our conclusion that the claimant was an alcoholic and had no control over his drinking. His condition precludes a finding that he consumed alcohol before coming to work wilfully. It necessarily follows that his actions in reporting for work while intoxicated cannot be found to be either wilful or intentional.

"Although the referee may have been overly broad in stating his conclusion that, 'The disease of alcoholism renders the individual incapable of controlling his desire for alcohol', the Oregon Courts have recognized that the disease of alcoholism prevents the person from making the necessary 'wilful' determinations contemplated in OAR 471-30-038(3). *Kaeding v. [Employment Division]*, 72 Or App 392, 695 P2d 966 (1985)."

Employer and Division disagree with that reasoning. Division argues that EAB has wrongly construed our decisions in *Kaeding v. Employment Division,* 72 Or App 392, 695 P2d 966 (1985), and *Christensen v. Employment Division,* 66 Or App 309, 673 P2d 1379 (1984), as establishing an absolute rule that a "claimant who is an alcoholic and who was discharged for behavior related to alcohol could not have acted wilfully because of his or her illness." According to Division, *Christensen* and *Kaeding* mean instead that it is a question of fact, rather than of law, whether an individual's conduct is wilful or is caused by the condition, and EAB applied an incorrect legal standard.

The claimant in *Christensen* was fired for absenteeism during intermittent periods when he was unable to abstain from drinking. We reversed and remanded EAB's denial of benefits as lacking evidentiary support:

"The referee found that claimant's absences were caused

by an acute illness (undoubtedly alcoholism) over which he had no control. EAB reversed. It recognized that claimant suffers from alcoholism, but it found that, because each lapse from sobriety necessarily occurred during a period of sobriety, and because claimant had shown the ability to control his disease, he failed to do what was necessary to maintain that control. EAB's position, apparently, is that an alcoholic who has some success in combating the disease but who then has a relapse is responsible for the results of that relapse, while one who never has any success in controlling the disease is not responsible for its results. It apparently did not consider the possibility that a relapse may in itself be a part of the disease, although the record contains support for such a possibility.

"There is no evidence in the record for EAB's peculiar view of alcoholism. The only evidence is that control of alcoholism is a constant struggle." 66 Or App at 311-12. (Footnotes omitted.)

In *Kaeding v. Employment Division, supra,* we used similar reasoning and reversed EAB's denial of compensation to a claimant who was terminated for failing to report to work without notifying his employer:

"This case is analogous to *Christensen.* Although EAB acknowledged that claimant's absences were due to his alcoholism, it failed to consider that his failure to call in might have been caused by his disease also. It is clear from the order that EAB's disqualification hinged on claimant's failure to call in and not on his absence. If, in fact, claimant's failure to call in was caused by his illness, then it cannot have been wilful. If it was not wilful, it was not 'misconduct.' OAR 471-30-038; *Gething v. Employment Division,* 68 Or App 900, 683 P2d 133 (1984). Conversely, if the failure to call in was not the result of claimant's alcoholism, it might well have been wilful. From the face of this order we are unable to tell which is the case and, therefore, cannot perform a meaningful review." 72 Or App at 395-96.

In both cases, we made it clear that wilfulness is a question of fact. We said so expressly in *Kaeding,* and the issue in *Christensen* was whether there was evidence of wilfulness in connection with the claimant's relapse. We agree with Division that EAB erred in its apparent understanding of the two decisions as establishing a rule that all alcohol-related conduct by an alcoholic person is necessarily the product of

his alcoholism and cannot be volitional.[1] Consequently, EAB applied an incorrect legal standard in the present case. A remand for findings and further consideration is necessary.

In *Christensen v. Employment Division, supra,* we referred to "EAB's peculiar view of alcoholism" and noted that there was no evidentiary support for that view. A more complete expression of that thought is that EAB's view of alcoholism rested more on assumptions and popular understandings than on evidence; the same is true, however, of the views which other courts and we tend to express on the subject. Division points out that many perceived "understandings" about alcoholism are matters of disagreement among experts and that the view expressed in *Christensen* drew one expert's criticism "as enabling the claimant, who had been diagnosed as an alcoholic, to continue drinking by excusing his behavior on the basis of the constant struggle."

We have occasionally expressed the recognition that alcoholism is a more complex subject than our assumptions contemplate or our expertise covers. *See Dean v. Guard Publishing Co.,* 88 Or App 192, 197, 744 P2d 1296 (1987). That recognition does not change the fact that courts and agencies must decide cases in which findings and conclusions concerning alcoholism must be made in the light of the evidence in those cases and the knowledge which the deciding bodies are able to apply. It does mean, however, that the decision makers should approach those cases with full awareness that the area is one where the risk of preconceptions is high and the possibility that those preconceptions are incorrect or disputable is great.

Reversed and remanded for reconsideration.

---

[1] For similar reasons, we reject employer's argument that *Erickson v. Employment Div.,* 29 Or App 893, 565 P2d 1101 (1977), is controlling. Although the facts there were similar, *Erickson* also recognized that the determination in each case turns on the proof. We also reject employer's contention that there was no substantial evidence to support EAB's finding that "claimant was an alcoholic and had no control over his drinking." It does not necessarily follow from the finding, however, that claimant did not wilfully come to work intoxicated.