No. 480          July 10, 2024          673

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Patricia C. BARRERA,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and City of Portland Bureau,
*Respondents.*

Employment Appeals Board
2022EAB0231
A178523

Submitted  July 7, 2023.

Patricia Barrera filed the briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent Employment Department.

Respondent City of Portland waived appearance.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Claimant seeks judicial review in a contested case from a final order of the Employment Appeals Board (EAB) denying her unemployment benefits. The EAB determined that claimant was discharged for "misconduct connected with work," ORS 657.176(2)(a), after she chose not to be vaccinated for COVID-19 and did not seek one of the exceptions allowed by her employer. Claimant challenges the determination that she was not eligible for unemployment benefits as a consequence of her conduct. Because the order is supported by substantial evidence and substantial reason, we affirm.

We take the following facts from the EAB's order, which adopted the order of the administrative law judge (ALJ), and from the uncontroverted evidence in the record. On August 30, 2021, claimant's employer, the City of Portland, notified all city employees that, effective October 18, 2021, all employees must be fully vaccinated for COVID-19, with exceptions for medical and religious reasons. The notice stated that employees would have until October 18 to fully comply or would be separated from employment on October 19. The city sent out two more notices reiterating the policy. Claimant received those notices.

Claimant was not vaccinated, did not plan to get vaccinated, and did not apply for a medical or religious exception. After she reported her vaccination status, the city notified her on September 14 that she would be subject to separation from employment. On October 11, the city notified claimant of "non-disciplinary separation," and claimant requested a meeting as offered in the notice. On October 18, claimant attended the meeting and submitted a written statement explaining that she chose not to get vaccinated because the COVID-19 virus would not significantly hurt her, she did not pose a greater public health threat than a vaccinated person, she routinely avoided other preventative medical care, and her in-office interactions were primarily with detectives, who were not required to be vaccinated. On October 21, the city discharged claimant from employment.

After her termination, claimant sought unemployment benefits. Under ORS 657.176(2)(a), a person is disqualified

from receiving benefits if the Employment Department finds that the person "[h]as been discharged for misconduct connected with work[.]" The department defines misconduct to be "a willful or wantonly negligent violation of the standards of behavior which an employer has the right to expect of an employee[.]" OAR 471-030-0038(3)(a). Misconduct does not include "[i]solated instances of poor judgment" or "good faith errors," among other things. OAR 471-030-0038(3)(b). The department found that claimant was fired for "misconduct connected with work" and denied her benefits.

Claimant requested a hearing, and an ALJ affirmed the department's decision. The ALJ found that the city fired claimant for failing to get vaccinated or to obtain a medical or religious exception. The ALJ found that claimant "testified there was once a written listing of an 'other' exception, but the evidence in the hearing plainly shows that the employer's policy only provided for the two aforementioned exceptions and that the employer notified claimant of this multiple times, including two warnings to her." The ALJ also found that claimant acknowledged that she did not get any COVID-19 vaccinations and did not apply for a medical or religious exception. Based on that, the ALJ found that her violation was willful because "she chose to not comply with the policy, which she was aware of and understood," and that the violation was not an isolated occurrence of poor judgment or a good-faith error. The ALJ also concluded that the policy was reasonable and that the employer had a right to expect compliance.

Claimant sought review of the ALJ's decision by the EAB, which reviewed the hearing record *de novo* and adopted the ALJ's order.

Claimant, appearing *pro se*, now seeks judicial review of the EAB's order. We review that order for substantial evidence, substantial reason, and errors of law. *Franklin v. Employment Dept.*, 254 Or App 656, 657, 294 P3d 554 (2013).

On review, claimant makes two arguments. First, she asserts that the EAB's finding that she did not seek a valid exception to the vaccination requirement was not

supported by substantial evidence because, in fact, she did request an exception on a form that allowed her to seek an exception for "other" reasons. "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). We conclude that substantial evidence supports the EAB's findings. Although claimant maintains that there was a form that allowed employees to claim an exception based on an "other" reason, the evidence in the record supports the EAB's finding that the city notified claimant more than once that the policy included only medical and religious exceptions. *See, e.g.*, *Pullam v. Employment Dept.*, 238 Or App 60, 64, 243 P3d 71 (2010) ("Our role is to determine whether that record, viewed as a whole, is capable of being read as *the agency* read it." (Emphasis in original.)). Claimant did not request either a medical or religious exception.

In her second argument, claimant asserts that her failure to comply with the vaccination requirement or to obtain an exception was not willful or wantonly negligent conduct. She argues that she made her choice based on information she obtained about the vaccination, including from her doctor, to confirm it was the right choice for both her health and safety and the health and safety of her co-workers and clients. That argument raises an issue of substantial evidence or substantial reason because whether claimant acted willfully, as found by the EAB, is a question of fact. *James River Corp. v. Employment Division*, 94 Or App 268, 271, 765 P2d 217 (1988).

We conclude that substantial evidence and substantial reason support the EAB's finding. Claimant does not dispute that she was aware of and understood the policy, nor does she argue that the EAB failed to adequately explain the connection between that finding and its conclusion. She instead asserts that the choices she made were appropriate based on the information she obtained. That argument, however, does not address the issue that was before the EAB, nor does it take into account that we are constrained by our standard of review in reviewing the EAB's factual findings and do not undertake an evaluation of the merits

of claimant's reasons for choosing not to comply with the employer's policy as communicated to her. Claimant has not developed an argument addressing why the EAB could not, on this record, find that her conduct was willful, including that her conduct did not qualify as an isolated instance of poor judgment or good-faith error, under OAR 471-030-0038(3)(b). As a result, we affirm the EAB's final order.

Affirmed.