# KING, *Appellant,*
## *v.*
# MENOLASCINO et al, *Respondents.*

555 P2d 442

*Diane Spies,* of Connall & Spies, P.C., Portland, argued the cause and filed a brief for appellant.

*Jeffrey M. Batchelor,* of Gearing, Cheney, Landis, Aebi & Kelley, Portland, and *James C. Goode,* Albany, argued the cause for respondents McGee and Oregon Association for Retarded Citizens. Mr. Batchelor filed a brief for respondents McGee and Oregon Association for Retarded Citizens.

*Charles D. Ruttan,* of Morrison, Dunn, Cohen,

Miller & Carney, Portland, argued the cause and filed a brief for respondents Johnson and Washington County Association for Retarded Children.

*Rudy R. Lachenmeier,* of Vergeer, Samuels, Roehr & Sweek, Portland, argued the cause and filed a brief for respondent Menolascino.

Before Denecke, Chief Justice, and McAllister, Holman, and Howell, Justices.

DENECKE, C.J.

**DENECKE, C.J.**

The trial court sustained a demurrer to plaintiff's complaint seeking damages for libel. The issue is whether the words published by defendants are capable of a defamatory meaning.

The facts are as alleged in the complaint. The plaintiff sent a letter to a newspaper which the paper published. The letter praised the use of DMSO (dimethyl sulfoxide) for the treatment of mental retardation. The plaintiff termed DMSO the "holy water of the 20th century" and claimed that it wrought "miracles." In the letter the plaintiff solicited funds for her cause.

The defendants, who are concerned with the treatment of the mentally retarded, responded to plaintiff's letter and the newspaper published these letters. The defendants stated: "* * * [T]here is absolutely no medically documented proof that DMSO can aid the retarded in any way." Plaintiff had cited certain Chilean studies in support of her assertions. Defendants replied: "* * * [O]thers in the scientific world give them [the Chilean studies] no credence." Plaintiff had implied that other data also supported her claims. Defendants replied: "This data is not available." Plaintiff contends these statements of the defendants are libelous.

In *Beecher v. Montgomery Ward & Co.,* 267 Or 496, 499-500, 517 P2d 667 (1973), we applied the Restatement test of what is defamatory:

> " 'A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.' " 3 Restatement, Torts 140, § 559.

In *Farnsworth v. Hyde,* 266 Or 236, 238, 512 P2d 1003 (1973), we defined a defamatory communication as:

> "* * * [O]ne which would subject the plaintiffs 'to

hatred, contempt or ridicule * * * [or] tend to diminish the esteem, respect, goodwill or confidence in which each is held or to excite adverse, derogatory or unpleasant feelings or opinions against them.' * * *."

■ The court, as distinguished from the jury, determines whether a communication is capable of a defamatory meaning. *Farnsworth v. Hyde, supra* (266 Or at 238).

■ Plaintiff contends reasonable persons could draw the inference that plaintiff was a liar and a promoter of unworthy causes. We conclude these inferences are "too tenuous" to make the statement capable of a defamatory meaning.

In *Andreason v. Guard Publishing Co.,* 260 Or 308, 312, 489 P2d 944 (1971), we held that a newspaper story that the plaintiff and her husband were getting a divorce and her husband shot a man sitting in a car with plaintiff was not defamatory. We held an inference that plaintiff was conducting herself improperly with the wounded man was "too tenuous to form a basis for liability."

We are of the opinion that the only reasonable inference that can be drawn from the letters written by defendants, when read in the context in which they were written, is that whether DMSO is effective in the treatment of the mentally retarded is a controversial subject, as are the studies and data allegedly in support of either view. People working in the field or having mentally retarded children have strong opinions, pro or con, on these subjects. Expressions of these strong opinions are not libelous.

Affirmed.