Argued and submitted February 18, affirmed November 25, 1992

## Charles BICKFORD,
*Appellant,*

*v.*

## TEKTRONIX, INC.,
Jay Prasad and Jack Sachitano,
*Respondents.*

(A8910-05880; CA A65827)

842 P2d 432

Glen H. Downs, Portland, argued the cause for appellant. On the briefs were David Paul, Charles J. Merten and Merten & Associates, Portland.

Eileen Drake, Portland, argued the cause for respondents. On the brief were Randolph C. Foster, Charles F. Adams, Kevin M. Keaney and Stoel Rives Boley Jones & Grey, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Plaintiff appeals from a summary judgment for defendants on his claims for intentional infliction of emotional distress and defamation. ORCP 47. We affirm.

■ We review the record in the light most favorable to plaintiff, the party opposing summary judgment. *Stanfield v. Laccoarce*, 288 Or 659, 665, 607 P2d 177 (1980). On October 11, 1989, plaintiff was fired. He had worked for defendant Tektronix, Inc. (Tektronix), for 15 years and, at that time, was employed as a research engineer in its Solid State Research Laboratory (SSRL). During his employment, plaintiff had received 20 merit pay raises and had been promoted four times. His last promotion had occurred one year before he was fired.

After that promotion, plaintiff was reassigned and began working under defendant Prasad. On April 14, 1988, Prasad told plaintiff that he had to improve certain deficiencies within one month or he would be placed on probation. In May, 1988, Prasad informed plaintiff in writing that, at that time, his work met Prasad's expectations.

In October, 1988, Prasad met with his supervisor, defendant Sachitano, and Goza, a Tektronix human resources generalist. The three agreed to recommend plaintiff's termination. Their recommendation was based on plaintiff's poor work attendance, tardiness, failure to document work and failure to complete projects and to meet deadlines. The recommendation was forwarded to Long, a Tektronix vice-president.

Shortly before plaintiff was fired, Sachitano met with Long, who signed the appropriate papers and advised Sachitano to proceed with plaintiff's termination. Plaintiff's final performance evaluation stated that he lacked analytical skills, produced less and poorer quality work than expected, needed constant supervision and did not meet deadlines. Prasad and Sachitano then met with plaintiff to terminate him.

During and after the termination meeting, a security guard was stationed 50 feet from the room. After the meeting,

plaintiff went to his work area to pack his personal possessions. The guard stayed where he was posted and did not follow him.

Immediately after the termination meeting, Prasad and Sachitano met with the 8 to 10 members of plaintiff's former research team. Sachitano told them that plaintiff had been terminated for "chronic performance failure." Later, in response to employee concerns about the terminations of plaintiff and another employee, Sachitano called a meeting of all 60 SSRL employees to explain what had happened. He said that plaintiff was fired because of his "chronic performance problems." Prasad also told the group that plaintiff had chronic performance problems and had allowed the unauthorized use of Tektronix labs.

Plaintiff's amended complaint alleges three claims for defamation and one for intentional infliction of emotional distress. The court granted summary judgment on all four of the claims.[1] Plaintiff contends that there is an issue of fact in all of the claims. The moving party must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *See* ORCP 47C; *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978).

■■    Plaintiff's first two claims for relief are based on the post-discussion statements of Sachitano and Prasad to Tektronix's employees. The trial court granted summary judgment on the claims, because the statements were true and, therefore, not defamatory, as a matter of law. In his first two assignments of error, plaintiff contends that the trial court erred, because issues of fact exist as to the truthfulness of the statements. A defamatory statement is one that subjects a person to "hatred, contempt or ridicule," tends to diminish the "respect, goodwill, or confidence" in which the person is held, or "excite[s] adverse, derogatory or unpleasant feelings or opinions." *Greenfield v. Ollikala*, 85 Or App 357, 360, 736 P2d 599 (1987). Plaintiff maintains that both statements were untrue, because he had received four promotions and 20 merit increases during his tenure at Tektronix. We need not determine the truthfulness of the statements, because even if

---

[1] Plaintiff voluntarily dismissed a fifth claim. ORCP 54A(1).

they were not true, Sachitano and Prasad were privileged as a matter of law to make them.

■ ■ An employer has a qualified privilege to make a defamatory statement if the statement is made to protect employee morale. *Benassi v. Georgia-Pacific*, 62 Or App 698, 702, 662 P2d 760, *mod* 63 Or App 672, 667 P2d 532, *rev den* 295 Or 730 (1983). In their motion for summary judgment, defendants asserted the privilege and introduced evidence that the statements by Sachitano and Prasad were made to protect Tektronix's interest in promoting employee morale. After the privilege was properly raised, plaintiff had the burden of proving that it had been abused. *Walsh v. Consolidated Freightways*, 278 Or 347, 356, 563 P2d 1205 (1977).

■ The privilege may be abused if the speaker does not believe that the statement is true or lacks reasonable grounds to believe that it is true. *Cooper v. PGE*, 110 Or App 581, 590, 824 P2d 1152 *rev den* 313 Or 209 (1992). To prove an abuse of the privilege, plaintiff had to offer evidence creating a question of fact about the mental states of Sachitano and Prasad at the time they made their statements to plaintiff's coworkers. Plaintiff appears to contend that Sachitano and Prasad had no reasonable grounds to believe that their statements were true, because plaintiff's 15-year employment record contains many positive entries and a satisfactory evaluation that was completed less than five months before his discharge. However, there is also abundant evidence in the employment record of plaintiff's poor performance. It is undisputed that Sachitano and Prasad established that they were familiar with plaintiff's employment history and that they participated in the decision to fire him. They were entitled, on the basis of all aspects of plaintiff's employment history, to form an opinion about the reason for plaintiff's discharge and to communicate that opinion to plaintiff's coworkers. The fact that the employment record also contains positive entries does not, standing alone, permit the contrary inference that Sachitano and Prasad did not believe their statements were true or that they lacked reasonable grounds to believe their statements were true. *See Walsh v. Consolidated Freightways, supra*, 278 Or at 357.

■ The remaining assignments of error involve defendants' posting of a security guard in the hallway during and

shortly after plaintiff's termination meeting. In his fourth claim for relief, plaintiff asserts that

> "[the posting of the guard] and its resulting defamation has caused and continues to cause plaintiff stress, humiliation, anger, and injury to reputation, all to his damage in amounts to be shown at trial."

Plaintiff argues that evidence detailing rumors circulating through the SSRL permits the inference that the posting of the guard created "unfounded suspicions." The guard merely stood and observed plaintiff from some distance. The issue is whether posting the guard, without more, was a defamatory statement. We conclude that it was not. The inference that posting the guard caused the unfounded suspicions is "too tenuous" to render the act possibly defamatory. *See King v. Menolascino*, 276 Or 501, 504, 555 P2d 442 (1976).

■ Finally, plaintiff asserts that the posting of the guard constituted intentional infliction of mental distress. Plaintiff contends that defendants' behavior "amount[ed] to an *extraordinary* transgression of the bounds of socially tolerable behavior." *Madani v. Kendall Ford, Inc.*, 312 Or 198, 205, 818 P2d 930 (1991). (Emphasis supplied.) It did not.

The trial court properly granted summary judgment on all of plaintiff's claims.

Affirmed.