111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald C. HAYHURST, NMD, PhD., Plaintiff-Appellant,
v.
Thomas A. KRUZEL, ND, individually and as agent for American
Association of Naturopathic Physicians; American
Association of Naturopathic Physicians,
Defendants-Appellees.
 No. 95-36226.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1997.*
Decided April 21, 1997.
 
 1
 Before: FLETCHER and TASHIMA, Circuit Judges, and SCHWARZER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Plaintiff, Donald Hayhurst, a naturopathic physician, alleged that Thomas Kruzel, also a naturopathic physician and the president of the American Association of Naturopathic Physicians ("AANP"), libelled him by writing a letter to the head of a British naturopathic society that contained false information. The district court granted defendants summary judgment, finding that Kruzel's statements were conditionally privileged as a statement of mutual concern made in response to a request, and that Hayhurst had not pointed to any evidence to support his contention that there was an abuse of privilege. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 I. BACKGROUND
 
 4
 In September 1993, Kruzel received correspondence from Dr. Mario Szewiel, the secretary for the British General Council and Registrar of Naturopaths, soliciting information with regard to Hayhurst. Dr. Szewiel had received an application from an American, Elise Fischbacher, for admission to a British association of naturopaths. The application included a "certificate" issued by Hayhurst's association and signed by him as president.
 
 
 5
 In response to Dr. Szewiel's inquiry, Kruzel sent him a letter stating that the certificate signed by Hayhurst presented "a problem." He noted that the certificate is signed by plaintiff who "claims a degree from a school whose existence is uncertain, as well as a mail order degree from Clayton University" which no U.S. licensing agency would recognize. Kruzel also remarked that Hayhurst "continues to issue 'certificates' without examination to individuals who would probably not qualify for licenses as a naturopathic physician."
 
 
 6
 To support these opinions, Kruzel sent Dr. Szewiel a copy of a Douglas County sheriff's report. The author of the report claims to have investigated Hayhurst's academic credentials at the behest of the Nevada Board of Naturopathic Examiners.[1]
 
 
 7
 The district court concluded that Kruzel and the AANP established their conditional privilege as a matter of law. The court also concluded that Hayhurst failed to point to any evidence to support his contention that Kruzel abused the privilege which would have destroyed the defense.
 
 II. STANDARD OF REVIEW
 
 8
 This court reviews grants of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996); Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 9
 Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond pleadings and identify facts which show a genuine issue for trial. Id. at 324; T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir.1987). The main issue before us is whether Hayhurst made such a showing.
 
 III. DISCUSSION
 
 10
 A. The Statements Made by Kruzel Were Conditionally Privileged
 
 
 11
 Under Oregon law, to create liability for defamation, there must be a false and defamatory statement. Walleri v. Federal Home Loan Bank of Seattle, 83 F.3d 1575, 1583 (9th Cir.1996). A statement is defamatory "if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Id. (quoting Restatement (Second) of Torts §§ 558, 559 (1976)).
 
 
 12
 A party who makes a defamatory statement will not be liable for such a statement, however, if the statement is conditionally privileged. See Bank of Oregon v. Independent News, 693 P.2d 35, 38 (Or.1985) (describing categories of affirmative defenses that are available in a defamation suit). Oregon law recognizes that a conditional privilege exists when a statement is made about a "subject of mutual concern to defendants and the persons to whom the statement was made." Wattenburg v. United Med. Lab., 525 P.2d 113, 114 (Or.1974) (citing Restatement (Second) of Torts §§ 594-96).
 
 
 13
 There is no dispute that Kruzel's letter was in response to Dr. Szewiel's request for information about the legitimacy of Hayhurst's certification of Elise Fischbacher--an applicant for admission to a British association of naturopaths. Kruzel and Dr. Szewiel share the mutual interest of assuring that only qualified naturopaths are placed on a public registry of naturopaths. We therefore agree with the district court's conclusion that Kruzel's letter was conditionally privileged.
 
 
 14
 B. There Were No Issues of Material Fact Raised With Respect to Whether Kruzel Lost his Conditional Privilege Through Abuse
 
 
 15
 Because Kruzel is entitled to a conditional privilege, Hayhurst bears the burden of proving that Kruzel lost the privilege. Gardner v. Hollifield, 533 P.2d 730, 733 n. 2 (Idaho 1975); Cribbs v. Montgomery Ward & Co., 272 P.2d 978, 981 (Or.1954). Thus, the question before us is whether Hayhurst raised an issue of material fact regarding whether Kruzel lost his conditional privilege.
 
 
 16
 A conditional privilege may be lost through abuse. Wheeler v. Green, 593 P.2d 777, 781 (Or.1979). Oregon courts no longer require a plaintiff to prove "malice" to show abuse of privilege. See Baker v. Schafroth, 553 P.2d 1046, 1049 (Or.1976). A conditional privilege may be lost if the speaker does not believe the speech is true, or has reason to disbelieve it. Wattenburg, 525 P.2d at 115-16; Bickford v. Tektronix, Inc., 842 P.2d 432, 434 (Or.Ct.App.1992). A conditional privilege may also be lost if a plaintiff shows that the defendant made the allegedly defamatory statement primarily for a purpose other than that for which the privilege was created or, that the privilege was exercised in an unreasonable manner. See Schafroth, 553 P.2d at 1049.
 
 
 17
 Hayhurst alleges that the letter contains several libellous statements which Kruzel knew were untrue and that nonetheless, Kruzel sent the letter containing the false information because he sought to injure Hayhurst.[2] Hayhurst submitted two pieces of evidence to support his allegations. First, Hayhurst points to a retraction of a negative article published in the Townsend Letter for Doctors. The retraction states that Hayhurst did attend UCLA; that Hayhurst did receive a naturopathic degree from Clayton University; that Clayton University is recognized by the U.S. Dept. of Education; and that Hayhurst received a degree from Utah College. Kruzel admits that he had read this retraction before he sent the letter to Dr. Szewiel. The second piece of evidence submitted by Hayhurst is an affidavit by Patricia Hastings alleging that at AANP Board meetings there were general discussions concerning AANP's misrepresentation of Hayhurst's credentials, and about the retraction letter concerning Hayhurst. She states that Kruzel was in attendance at some of these meetings, but does not specify which meetings he attended or what was said at those meetings.
 
 
 18
 These submissions fail to create a triable issue of material fact relating to whether Kruzel knew that statements in his letter to Dr. Szewiel were false. As for Kruzel's statements--that "[t]o my knowledge, no U.S. licensing agency would currently issue a license to practice naturopathy on the basis of a degree from the Utah or Clayton University;" that plaintiff "continues to issue 'certificates' without examination to individuals who would probably not qualify for licensure as a naturopathic physician;" and that it was his "understanding that no licensing board in the United States or Canada would find this 'certificate' adequate to allow the holder to practice naturopathic medicine"--Hayhurst produced no evidence that these statements are untrue, let alone that Kruzel knew they were untrue or had any reason to disbelieve them. Furthermore, Kruzel based his belief about the "uncertain[ty]" of the existence of Utah College on a Douglas County sheriff's report which he had two independent reasons for believing was accurate. First, Kruzel knew that Hayhurst sued the County over the contents of the report and lost. Second, the former AANP director--an attorney whom Kruzel trusted--had verified that the report was accurate. We agree with the district court that Hayhurst has not submitted evidence from which a reasonable trier of fact could conclude that Kruzel knew his statements were false. There is thus no triable issue with respect to whether Kruzel abused his privilege.
 
 IV. CONCLUSION
 
 19
 There is no dispute that Kruzel's statement to Dr. Szewiel was conditionally privileged. Since Hayhurst has raised no issue of material fact as to whether Kruzel abused this privilege, we affirm the district court's grant of summary judgment in favor of Kruzel.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The report concludes that Clayton University, listed on Hayhurst's application, "is not an accredited school and as such does not grant valid degrees;" that the Utah College of Naturopathic Physicians, also listed on the application, "does not exist" and likewise "does not grant valid degrees;" and that the UCLA Medical School, which plaintiff claims as yet another alma mater, "has no record whatever of [Hayhurst] ever attending classes at that school or ever being enrolled [there]."
 
 
 [2]
 Kruzel wrote that: 1) Hayhurst "claims a degree from a school whose existence is uncertain, as well as a mail order degree from Clayton University;" 2) "[t]o my knowledge no U.S. licensing agency would currently issue a license to practice naturopathy on the basis of a degree from the Utah school or Clayton University;" 3) Hayhurst "continues to issue 'certificates' without examination to individuals who would probably not qualify for licensure as a naturopathic physician;" and 4) "it is my understanding that no licensing board in the United States or Canada would find this 'certificate' adequate to allow the holder to practice naturopathic medicine." It should be noted, however that at the end of the letter, Hayhurst "leave[s] [Dr. Szewiel] to draw your own conclusions about the ... applications."