Gustavo ARAUJO, Plaintiff—Appellant,

v.

Jack ERHLICH, individually; General Electric Information Services, a Delaware corporation, Defendants—Appellees.

Gustavo Araujo, Plaintiff—Appellee,

v.

Jack Erhlich, individually; General Electric Information Services, a Delaware corporation, Defendants—Appellants.

Nos. 00–35340, 00–35699.
D.C. Nos. CV–98–00667–
JJ, CV–98–0667–JE.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided Jan. 9, 2002.

---

**1.** *Amex Distributing Co., Inc. v. Mascari,* 150 Ariz. 510, 724 P.2d 596, 601 (Ariz.App.1986).

**2.** Appellant's Excerpts of Record at 4.

**3.** *Id.* at 600.

Before HUG, T.G. NELSON, and GOULD, Circuit Judges.

## MEMORANDUM *

General Electric Information Services (GEIS) fired Gustavo Araujo, who subsequently brought suit alleging breach of contract, unlawful age discrimination, misrepresentation, defamation, negligence and intentional infliction of emotional distress. GEIS filed a motion for summary judgment, which the district court granted. Araujo appeals the district court's final judgment dismissing his complaint with prejudice. In addition, GEIS appeals the district court's denial of its requests for costs. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm. However, we remand the portion of the district court's order denying fees because the court is required to provide reasons for the denial. Because the parties are familiar with the factual and procedural history of the case, we do not recount it here except as necessary to explain our decision.

Grants of summary judgment are reviewed de novo. *Clicks Billiards Inc. v.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Sixshooters Inc.,* 251 F.3d 1252, 1257 (9th Cir.2001). The Court must determine, viewing all evidence and all reasonable inferences in the light most favorable to the non-moving party, whether there are any genuine issues of material fact. The district court's award of costs is reviewed for an abuse of discretion. *See LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1160 (9th Cir.2000).

I. Summary Judgment

■ Applying the standard of review set forth above, we cannot say that, viewing the evidence in the light most favorable to Araujo, that there exist any material issues of genuine fact.

First, Araujo's breach of contract claim fails because GEIS' employment application stated that the employment term was at-will, and no other agreement was subsequently made that would countermand that. *See Sheets v. Knight,* 308 Or. 220, 779 P.2d 1000, 1008 (1989) (absent a contractual, statutory, or constitutional requirement to the contrary, an employer may fire an employee at any time and for any reason).

■ As to his claim for defamation, Araujo fails to show any publication by GEIS of false and defamatory information about him to a third person. *See Wallulis v. Dymowski,* 323 Or. 337, 918 P.2d 755, 758 (1996). The only GEIS' communications regarding Araujo's termination were made to GEIS' employees. Such communications are privileged. *See e.g. Bickford v. Tectronix, Inc.,* 116 Or.App. 547, 842 P.2d 432, 434–435 (1992); *Worley v. Oregon Physicians Service,* 69 Or.App. 241, 686 P.2d 404, 407 (1984).

■ Araujo's claim of negligence also fails because the Oregon Supreme Court has rejected the argument that employment gives rise to a "special relationship" that would impose a special duty of care on the employer. *See Conway v. Pacific University,* 324 Or. 231, 924 P.2d 818, 826 (1996).

■ In addition, Araujo's claim for Intentional Infliction of Emotional Distress must fail as Araujo cannot prove any of the three required elements. There is no evidence that 1) Erhlich intended to inflict severe emotional distress on Araujo; 2) Ehrlich's acts did in fact cause Araujo to suffer sever emotional distress; or 3) Ehrlich's acts constituted an "extraordinary transgression of the bounds of socially tolerable conduct." *See McGinty v. Staudenraus,* 321 Or. 532, 901 P.2d 841, 849 (1995).

Finally, Araujo "elects not to brief" the dismissal of his age discrimination and fraudulent misrepresentation claim but rather "submits them on the record." The dismissal of these two claims therefore are not properly before this Court, which "will not ordinarily consider matters of appeal that are not specifically and distinctly raised and argued in appellant's opening brief." *International Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL–CIO v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985).

Even if this Court were to review those claims, however, Araujo would still not prevail. As to the age discrimination claim, the only reviewable issue would be Araujo's requests for an evidentiary hearing or certified question as to whether Araujo, in an attempt to toll the statute of limitations, was in fact suffering from a mental disability. Given that the review of such a decision is for an abuse of discretion (*See U.S. v. Smith,* 155 F.3d 1051, 1063 n. 18 (9th Cir.1998)), and the fact there is controlling authority ruling out the possibility of tolling based on a mental disability (*See Stupek v. Wyle Laboratories Corp.,* 327 Or. 433, 963 P.2d 678, 686 (1998)), Araujo cannot prevail. As to the fraudulent misrepresentation claim, Araujo

has failed to offer the requisite evidence of intent.

## II. GEIS' Attempt to Recover Costs

■ In denying GEIS' request for costs, the district court noted that:

Under the circumstances of this action, I conclude that neither [Araujo] nor GEIS should recover costs pursuant to Fed. R.Civ.P. 54(d)(1). I also conclude that a hearing on this issue is not necessary.

This ruling was an abuse of discretion given that the district court did not provide any reasons for its denial. As this Court has stated, trial courts must state grounds for the denial of costs so that the appellate court will be able to determine whether the trial court abused its discretion. *See AMAE v. State of California*, 231 F.3d 572, 591–592 (9th Cir.2000) (citing *Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir.1978)). In cases where the district court failed to provide reasons, this Court remanded the case for an amplification of the order. *Id.*

Accordingly, the case is remanded to the district court so that the district court can provide grounds for any denial of costs. Therefore, the district court's grant of summary judgment is AFFIRMED and the denial of costs is REMANDED for clarification.

Costs are awarded to General Electric Information Services.