**Wayne A. WILSON, Plaintiff— Appellant,**

v.

**DOLLAR TREE STORES, INC., a Virginia foreign business corporation, Defendant—Appellee.**

No. 04–35642.

D.C. No. CV–03–00817–HA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Decided Jan. 9, 2006.

---

Richard C. Busse, Scott N. Hunt, Matthew B. Duckworth, Busse & Hunt, Portland, OR, for Plaintiff–Appellant.

Corbett Gordon, Gordon and Meneghello, P.C., Joseph Haddad, Fisher & Phillips, LLP, Portland, OR, for Defendant–Appellee.

* The Honorable S. James Otero, United States District Judge for the Central District, sitting by designation.

Before GRABER and RAWLINSON, Circuit Judges, and OTERO,* District Judge.

## MEMORANDUM**

· Plaintiff Wayne A. Wilson appeals the district court's grant of summary judgment for Defendant Dollar Tree Stores, Inc. On *de novo* review, *American Bankers Ass'n v. Gould*, 412 F.3d 1081, 1085 (9th Cir.2005), we affirm.

■ 1. The district court did not err in granting summary judgment in favor of Defendant on Plaintiff's defamation claim. To establish an abuse of the privilege, Wilson had to offer evidence creating a question of fact about York's state of mind at the time he told Camp and others that Wilson had admitted that he allowed Clark to work off the clock. *Bickford v. Tektronix, Inc.*, 116 Or.App. 547, 842 P.2d 432, 434 (1992). York testified in his deposition that he had two grounds for his statement to Human Resources at the time he made it, and added a third reason in his declaration. First, Wilson admitted the act; this is disputed. Second, Wilson had already added hours to Clark's pay by changing the hours in the computer *before* York met with him. York said he viewed this addition of hours to payroll as evidence that Wilson knew of Clark's off-the-clock time. Third, Wilson was Clark's supervisor, and Wilson was responsible for the payroll and for knowing the time worked by the employees under his direction. The latter two facts are undisputed—Wilson added

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

hours and he was the supervisor. There are at least two reasonable inferences to be drawn from the adding of the hours by Wilson; one reasonable inference is that Wilson knew of the off-the-clock hours worked by Clark. If York drew one of two or more possible reasonable inferences from the admitted facts, then as a matter of law, he had a reasonable basis for his belief in the truth of the statement he made.

2. The district court did not err in granting summary judgment in favor of Defendant on Plaintiff's claim for intentional infliction of severe emotional distress. To support a claim for intentional infliction of emotional distress, Wilson must show that Dollar Tree intended to inflict severe mental or emotional distress on him, that Dollar Tree caused him severe distress, and that Dollar Tree's conduct was an extraordinary transgression of the bounds of socially tolerable conduct or exceeded any reasonable limit of social toleration. *McGanty v. Staudenraus,* 321 Or. 532, 901 P.2d 841, 849 (1995). In the instant case, even if a jury could reasonably infer that Dollar Tree may have engaged in socially intolerable conduct, Wilson has presented no evidence that Dollar Tree *intended or knew with substantial certainty* that its conduct would cause Wilson severe emotional distress. *Id.* at 853.

AFFIRMED.