**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUSTUS AKWENUKE,

Plaintiff - Appellant,

v.

AMERICAN AIRLINES, INC.,

Defendant - Appellee,

and

JANE DOE,

Defendant.

No. 24-6546

D.C. No.
3:23-cv-00031-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Submitted November 6, 2025[**]
Portland, Oregon

Before: M. SMITH, NGUYEN, and H.A. THOMAS, Circuit Judges

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Justus Akwenuke ("Akwenuke") appeals the district court's order granting Defendant-Appellee American Airlines's motion for summary judgment and supplemental motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Akwenuke claims: (i) intentional racial discrimination in violation of Oregon Revised Statute ("O.R.S.") § 659A.403[1]; (ii) common law defamation; and (iii) common law intentional infliction of emotional distress ("IIED"). Reviewing de novo, *Besinga v. United States*, 14 F.3d 1356, 1359 (9th Cir. 1994), Akwenuke has failed to establish a genuine dispute of material fact that is sufficient to avoid judgment as a matter of law in favor of American Airlines on all claims.[2]

1.      Akwenuke fails to raise a genuine dispute whether he has established a *prima facie* case that American Airlines intentionally discriminated against him because of his race. A *prima facie* case of racial discrimination pursuant to O.R.S. § 659A.403 requires a plaintiff to establish that "he was treated unequally because of his race and that he has been injured as a result." *Clark v. Safeway, Inc.*, 478 F. Supp. 3d 1080, 1093 (D. Or. 2020).

---

[1] Akwenuke's first amended complaint improperly cites O.R.S. § 659A.400, not O.R.S. § 659A.403, as the source of its first cause of action. The district court evaluated Akwenuke's claim, which alleges discrimination in a place of public accommodation, using § 659A.403, and the parties cite § 659A.403 in their briefs on appeal.

[2] Because the parties are familiar with the facts of this case, we do not recount them here, except as necessary to provide context to our ruling.

Akwenuke argues that his declaration and deposition testimony are sufficient to establish a *prima facie* case here. He emphasizes his assertions that "[American Airlines agent Jacqueline] Delaney's outburst is not the way that American treats all of its customers" and "[American Airlines] treated [him] unequally, because [he is] a black male." Ultimately, Akwenuke urges our court to "rely on [his] senses that he knows [racial discrimination] when he sees it."

However, courts are not required to make unreasonable inferences at summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Akwenuke's evidence of intentional discrimination is self-serving, speculative,[3] conclusory,[4] and uncorroborated. Such evidence is insufficient to establish a *prima facie* case of discrimination. *See, e.g.*, *Ofuasia v. Spirit Halloween Superstores, LLC*, 2021 WL 3783069, at *4 (D. Or. July 21, 2021), *report and recommendation adopted*, 2021 WL 3779834 (D. Or. Aug. 24, 2021), *aff'd*, 2022 WL 15523098 (9th Cir. Oct. 27, 2022) (collecting cases); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (explaining that our court refuses to find a "'genuine issue' where the only evidence presented is

---

[3] For example, Akwenuke states in his declaration that, "I perceived that Delaney wanted the world to know how horrific she felt being confronted by a black man, and yelled 'you touched me' to conceal her discriminatory motive for refusing to attend me."

[4] For example, Akwenuke states in his declaration that, "I sensed intentional racial discriminatory conduct when Delaney started yelling and telling me 'this is baggage claim.'"

'uncorroborated and self-serving' testimony" (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996))).

2.    Akwenuke fails to raise a genuine issue of material fact that Delaney's statement, "you touched me[,]" is defamatory pursuant to Oregon common law. He argues that "[u]nder the circumstances, when yelling 'you touched me,' the change in Delaney's volume, tone, coupled with the nature of her statement were meant to imply that [he] touched Delaney inappropriately, in a sexual manner, and that [he] had committed a crime." The district court did not err in concluding that there is no genuine dispute that Delaney's statement that "you touched me" is not defamatory by implication here. *See Reesman v. Highfill*, 965 P.2d 1030, 1034 (Or. 1998) ("Even a communication that is not defamatory on its face may be defamatory if a reasonable person could draw a defamatory inference from the communication."). An inference that Delaney's statement implied that Akwenuke is a "sexual predator" because he is a Black man and Delaney is a white woman is tenuous and unreasonable on this record. *See id.* ("When defamation by implication is alleged, [courts require] that the link between the communication and the defamatory inference must not be 'too tenuous' . . . . [And] the inference that the plaintiff seeks to draw from the facially nondefamatory communication must be reasonable." (quoting *King v. Menolascino*, 555 P.2d 442, 443 (Or. 1976))).

24-6546

3.      Akwenuke fails to raise a genuine dispute whether Delaney's conduct here (*i.e.*, yelling at him) is sufficiently "extraordinary and outrageous" to establish an IIED claim pursuant to Oregon law, or whether Delaney intended to inflict severe emotional distress and in fact did so.  *See generally McGanty v. Staudenraus*, 901 P.2d 841 (Or. 1995) (en banc).  Akwenuke relies on his own conclusory statements to suggest that he "read Delaney's facial expression as revealing [her] intent to engage in the conduct of which resulted in severe emotional distress."  He similarly argues that his distress (which included feeling "ashamed" and feeling "hat[r]ed [for] being a black man") was "so severe that no reasonable [person] could be expected to endure it."  *Checkley v. Boyd*, 14 P.3d 81, 95 (Or. Ct. App. 2000) (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. j (A.L.I. 1965)).  Such self-serving conclusions are insufficient to avoid summary judgment.  *See, e.g.*, *Gaines v. Nordstrom, Inc.*, 2006 WL 2711779, at *8 (D. Or. Sept. 19, 2006).

However, even if these conclusory assertions were sufficient to avoid judgment as a matter of law, Akwenuke has failed to establish a genuine dispute that Delaney's conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *House v. Hicks*, 179 P.3d 730, 736 (Or. Ct. App. 2008) (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. d

5                                    24-6546

(A.L.I. 1965)).  At most, he has demonstrated that Delaney's conduct was "insulting, rude, boorish, tyrannical, churlish [or] mean," but such conduct "d[oes] not exceed the bounds of social toleration."  *Watte v. Edgar Maeyens, Jr., M.D., P.C.*, 828 P.2d 479, 481 (Or. Ct. App. 1992).

    **AFFIRMED.**