Submitted on record and briefs March 25, reversed and remanded May 22, 1985

# DEAN,
*Appellant,*

*v.*

# GUARD PUBLISHING CO., INC.,
## dba EUGENE REGISTER GUARD,
*Respondent.*

## (16-83-01564; CA A33904)

699 P2d 1158

David C. Force, Eugene, filed the briefs for appellant.

Robert D. Woods and Cass, Scott, Woods & Smith, Eugene, filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In this invasion of privacy action, plaintiff appeals a judgment dismissing his complaint without leave to replead.[1] Although it did not state a reason for its action, the trial court held either (1) that plaintiff's assertion in his complaint that defendant Guard Publishing Co. (defendant) placed him in a "false light" does not state an actionable claim under Oregon law or (2) that the facts plaintiff alleged do not, as a matter of law, permit him to recover under that theory. We hold that "false light" is a tort in Oregon and that plaintiff is entitled to replead in order to state a claim under that theory. We therefore reverse and remand for further proceedings.

According to plaintiff's complaint,[2] defendant, the publisher of Eugene's daily newspaper, ran a story on the opening of an alcohol rehabilitation center in Eugene. The story included a picture of the facility's aversion treatment room, in which patients receive liquor together with a drug which produces a nauseous reaction to the alcohol. The only people in the picture were two nurses and plaintiff. Plaintiff alleges that he was present only for an open house which the facility held but that the position of the people in the picture created an implication that plaintiff was a patient of the facility. That implication, plaintiff asserts, placed him in a false light before the public and violated his right to privacy, resulting in various kinds of damage to him.

■     The first issue is whether we should adopt the "false light" aspect of the tort of invasion of privacy. This issue has been presented in several recent cases. In each instance we resolved the case by assuming, without deciding, that a false light claim is actionable in Oregon. *McNabb v. Oregonian Publishing Co.,* 69 Or App 136, 143, 685 P2d 458, *rev den* 297 Or 824 (1984); *Flowers v. Bank of America,* 67 Or App 791, 797, 679 P2d 1385 (1984); *Martinez v. Democrat-Herald Pub. Co.,* 64 Or App 690, 693 n 1, 669 P2d 818, *rev den* 296 Or 120 (1983);

---

[1] We dismissed an earlier appeal because the judgment did not dispose of plaintiff's claim against another defendant. *Dean v. Guard Publishing Co.,* 67 Or App 5, 676 P2d 369 (1984). This appeal is from a new judgment which resolves the entire case.

[2] Plaintiff filed a first amended complaint one day after filing his original complaint. Defendant had no opportunity to respond to the original complaint in any fashion. In this opinion "complaint" refers to the First Amended Complaint.

*see also Lee v. Nash,* 65 Or App 538, 671 P2d 703 (1983), *rev den* 296 Or 253 (1984) (both parties assumed that a false light claim is actionable). We now hold that a person who places another before the public in a false light may be liable for resulting damages.

To place a person in a false light is akin to defamation, because it leads others to believe something about that person which is not true. If the false light is detrimental, it is foreseeable that the person will suffer an injury to reputation and possibly mental distress and other harms. A person is entitled to damages as redress for those injuries first as much as he or she would be for the more traditional torts such as slander and libel. Article I, section 10, of the Oregon Constitution guarantees every person remedy for injuries to reputation, and Article I, section 8, makes every person responsible for the abuse of the right "to speak, write or print freely on any subject whatever." The constitution does not require that we recognize the false light theory of invasion of privacy, but these sections show a general public policy to provide redress for wrongs of this kind. *See Bank of Oregon v. Independent News,* 298 Or 434, 439-441, 693 P2d 35 (1985); *Wheeler v. Green,* 286 Or 99, 118, 593 P2d 777 (1979). The interests which a false light claim protects are similar to the interests which previously recognized torts protect, and the harms it remedies are similar to the harms previously recognized as calling for a remedy. Recognizing false light as a tort is a natural extention of previous law.

The elements of the false light theory of invasion of privacy are found in the Restatement (Second) Torts § 652E:[3]

"One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

"(a)   the false light in which the other was placed would be highly offensive to a reasonable person, and

"(b)   the actor has knowledge of or acted in reckless disregard as to the falsity of the publized matter and the false light in which the other would be placed."

---

[3] We have previously cited § 652E in holding that plaintiffs had failed to prove false light claims. *See McNabb v. Oregonian Publishing Co., supra,* 69 Or App at 143; *Flowers v. Bank of America, supra,* 67 Or App at 797.

Plaintiff's pleading was defective in that he did not allege that defendant had knowledge of or acted in reckless disregard of the falsity of the published matter and the false light in which it would place him.[4] The court was correct, therefore, in granting the motion to dismiss. However, a judge should seldom dismiss a complaint *with prejudice* on a defendant's first pleading motion. To do so here was an abuse of discretion. We hold that plaintiff could state a claim by alleging defendant's knowledge or recklessness. We believe that the trial court would have allowed plaintiff to plead over if it had taken the view of the law which we take, and we therefore reverse the dismissal with prejudice so that plaintiff on remand may bring his complaint within the requirements stated in the Restatement, which we adopt as the law of Oregon.

Reversed and remanded.

---

[4] This standard is derived from *Time, Inc. v. Hill*, 385 US 374, 87 S Ct 534, 17 L Ed 2d 456 (1967). It is not clear that it will remain the constitutionally required standard in the light of the United States Supreme Court's holding that a comparable libel standard is not constitutionally required for a plaintiff, who is not a public figure or public official, who sues a media defendant. *Gertz v. Robert Welch, Inc.*, 418 US 323, 94 S Ct 2997, 41 L Ed 2d 789 (1974). The Restatement takes no position on whether negligence alone would justify recovery under a false light theory. *See* Restatement (Second) Torts § 652E *caveat*. Neither Oregon common law nor the Oregon Constitution requires that a plaintiff prove the defendant's culpability in every defamation action. *Bank of Oregon v. Independent News, supra*, 298 Or at 441. Because of the close connection between defamation and a false light claim, we do not believe that Oregon law requires that a plaintiff prove the defendant's culpability in every false light case. As with defamation, the degree of culpability required to be proved will depend on whether the defendant in the particular case has a conditional privilege. The correctness of the Restatement's requirement of knowledge or reckless disregard, thus, is a matter of federal constitutional law, and that law is at present uncertain. However, we have twice held that plaintiffs failed to prove a false light claim, because they did not meet the culpability test of the Restatement. As a result of our previous decisions, the Restatement test is controlling in Oregon until there is a clear change in federal constitutional law. *See McNabb v. Oregonian Publishing Co., supra*, 69 Or App at 143; *Flowers v. Bank of America, supra*, 67 Or App at 797.