Argued and submitted June 10, reversed and remanded November 12, 1987

DEAN,
*Appellant,*

*v.*

GUARD PUBLISHING CO., INC.,
dba Eugene Register Guard,
*Respondent.*

(16-83-01564; CA A40926)

744 P2d 1296

David C. Force, Eugene, argued the cause and filed the briefs for appellant.

Robert D. Woods, Eugene, argued the cause for respondent. With him on the brief was Cass, Scott, Woods & Smith, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In *Dean v. Guard Publishing Co.,* 73 Or App 656, 699 P2d 1158 (1985), we reversed the trial court's judgment on the pleadings for defendant and remanded this "false light" action for trial. On remand, the trial court granted defendant's motion for a directed verdict at the close of plaintiff's case. Plaintiff again appeals, assigning error to that ruling, and we again reverse.

In our earlier opinion, we held that the tort of false light is actionable in Oregon, and we adopted the test of liability stated in Restatment (Second) Torts, § 652E:

"One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

"(a) the false light in which the other was placed would be highly offensive to a reasonable person, and

"(b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed."

We stated these facts in our earlier opinion:

"According to plaintiff's complaint, defendant, the publisher of Eugene's daily newspaper, ran a story on the opening of an alcohol rehabilitation center in Eugene. The story included a picture of the facility's aversion treatment room, in which patients receive liquor together with a drug which produces a nauseous reaction to the alcohol. The only people in the picture were two nurses and plaintiff. Plaintiff alleges that he was present only for an open house which the facility held but that the position of the people in the picture created an implication that plaintiff was a patient of the facility. That implication, plaintiff asserts, placed him in a false light before the public and violated his right to privacy, resulting in various kinds of damage to him." 73 Or App at 658. (Footnote omitted.)

The only additional fact which was established on remand and which is relevant to this appeal is that plaintiff is a chronic alcoholic.[1]

---

[1] The parties have not included a transcript of the trial testimony as part of the record on appeal. However, in his briefs here and in the colloquy on the directed verdict motion, the transcript of which plaintiff has designated, he admits that he has a "chronic alcoholism problem" and did at the times when defendant took and pub-

■    In its written order allowing the directed verdict, the court recited that defendant made its motion

"on the grounds that Plaintiff's evidence was not sufficient to state a claim for relief and there was no question for the jury to decide in the following respects:

"1.    That as a matter of law, no reasonable person viewing the photograph in issue (Pl. Ex. 1) could believe that it portrayed the Plaintiff as a patient at Raleigh Hills Hospital undergoing aversion therapy for alcoholism.

"2.    In light of Plaintiff's admission that he was then an alcoholic, that, as a matter of law, it could not be highly offensive to a reasonable person to be falsely viewed as undergoing an accepted medical treatment for his ailment.

"3.    That Plaintiff had offered no evidence to prove that Defendant had published the photograph with knowledge that it would cast the Plaintiff in a false light.

"4.    That Plaintiff had offered no evidence to prove that Defendant had published the photograph in reckless disregard to whether or not it would cast the Plaintiff in a false light."

The order then states:

"Defendant's motion for a directed verdict should be allowed on the grounds set forth in paragraph 2 above. The Court found that the Plaintiff had offered no evidence to prove that Defendant had published the photograph with knowledge that it would cast the Plaintiff in a false light. The Court expressly declined to rule on those portions of Defendant's motion set forth in paragraphs 1 and 4 above for the reason that, having allowed Defendant's motion on the grounds set forth in paragraph 2 above, the other points were moot."[2]

---

lished the photograph. Defendant argues that, without a transcript of the testimony, we cannot consider plaintiff's challenge to the directed verdict. We disagree. Although the motion was based in part on plaintiff's asserted failure to prove the elements of the tort, the trial court did not decide the motion on that basis, but concluded as a matter of law that, given the admitted fact of his alcoholism, plaintiff *could* not have a false light claim arising out of defendant's portrayal of him. A transcript is not necessary to our review of that legal question. *See King City Realty v. Sunpace,* 291 Or 573, 633 P2d 784 (1981); *Universal Ideas Corp. v. Esty,* 84 Or App 541, 734 P2d 408 (1987); *see also* n 2, *infra.*

[2] The court's conclusion that plaintiff failed to prove that defendant acted with knowledge of the falsity of the photograph's implication is not independently dispositive, because actual knowledge and reckless disregard for the falsity of the publicized matter are disjunctive elements of the tort. The court expressly refused to rule on defendant's contention that plaintiff had not offered adequate evidence to support a finding of reckless disregard.

■     The crux of the court's reasoning, as reflected in the written order and in its oral explanation of the ruling, is that there were two separate and divisible implications to which the photograph could give rise: first, that plaintiff was an alcoholic and second, that he was hospitalized and underwent aversion therapy for that condition. In the trial court's view, the first implication could not support a false light claim, because it was not false; and a reasonable person could not find the second to be highly offensive, because there can be nothing offensive about being perceived as "undergoing an accepted medical treatment for alcoholism."[3]

We disagree with defendant's and the trial court's underlying premise that, as a matter of law, the photograph must be perceived as placing plaintiff in two separate lights, *i.e.*, alcoholic and patient, rather than a single light with two facets, *i.e.*, a person with an alcohol problem of sufficient magnitude to require that he undergo hospitalization and aversion treatment. The trial court posited that, given the fact that plaintiff is an alcoholic, the public perception of him could not be worsened—and he could not reasonably be highly offended—by the further implication that he was a patient at the alcohol treatment facility. We do not agree that the circumstances in which an alcoholic is portrayed *cannot* affect how he and his condition are perceived, over and above the perception that he is an alcoholic.

The facts of this case lend a visceral attractiveness to defendant's and the trial court's reasoning, because, in the abstract, everyone might agree that alcoholism is bad and appropriate medical treatment for it is good. However, that

---

[3] The trial judge articulated his reasoning more fully in his oral explanation of the directed verdict to the jury:

"[T]he fact that [plaintiff] is an alcoholic mitigates any cause of action for being disclosed as an alcoholic. If you are a child molester and it is published that you are a child molester, you have no cause of action. You have no right to be in the closet all of your life.

"* * * * *

"Given the fact that plaintiff has admitted he's an alcoholic, is it highly offensive and false that he is depicted as a patient of Raleigh Hills Clinic? Because the alcoholic issue is out of the case, I rephrased it another way. Can a reasonable jury, any reasonable jury, find that being seen as undergoing an accepted medical treatment is highly offensive to a reasonable person? And I have ruled as a matter of law that being seen as undergoing an accepted medical treatment is not and should not be highly offensive to a reasonable person."

abstraction obscures the issue, which is whether a jury could find that being portrayed as an alcoholic who is in need of inpatient aversion treatment can reasonably be regarded as more offensive to the person portrayed and as denoting a more serious condition to those who perceive him than would his being portrayed as an alcoholic, without more. We conclude that a jury could so find.[4]

We emphasize that this opinion is not meant as a commentary on what constitutes alcoholism or appropriate treatment for it. Indeed, the principal point of the opinion is that we lack the expertise and the authority to define, as a matter of law applicable to all cases, what alcoholism and its gradations are and how they and their victims *can* be perceived by the public. The trial judge also lacked that expertise and authority, and he erred by directing a verdict on the ground that he did.

■    Defendant argues in the alternative that the photograph is in the record on appeal and

> "[t]his court can, and should, review [the photograph] and hold that the inference sought to be drawn by Plaintiff from the publication of the picture, that it cast Plaintiff in the false light of being a patient undergoing treatment for his alcoholism, was and is not a permissible inference to be drawn from the photo and the fact of its publishing."

Assuming that that issue is properly before us,[5] we conclude that whether the inference can be drawn is also a question for the factfinder.

Reversed and remanded.

---

[4] Axiomatically, under particular facts or in general, a jury could also make the opposite finding. Among the things that a jury might consider in connection with a particular alcoholic who is falsely portrayed as a patient at a rehabilitation facility is that some alcoholics who need care do not seek it. Plaintiff notes in his brief that, after the photograph was published, he did seek medical care for his problem, albeit not aversion treatment.

[5] Defendant does not appear to contend that it was error for the trial court not to reach and grant the motion on the grounds which the court concluded were "moot." It is arguable, however, that the error which we have found in the court's ruling would be harmless if the directed verdict should have been allowed on alternative grounds and that we may therefore decide whether the photograph is capable of implying that plaintiff was a patient at the facility. Defendant does not ask that we consider whether the directed verdict should have been allowed on the ground that there was no proof of the reckless disregard element, and we could not do so in the absence of a transcript of the testimony. *See King City Realty v. Sunpace, supra,* 291 Or at 583.