Argued and submitted February 10, affirmed April 1, reconsideration denied June 17, petition for review denied August 25, 1992 (314 Or 176)

Sandra J. WATTE,
*Appellant,*

*v.*

EDGAR MAEYENS, JR., M.D., P.C.,
and Edgar Maeyens, Jr., M.D.,
*Respondents,*

*and*

Marcie SNODGRASS,
*Defendant.*

(90 CV 1074; CA A68835)

Kathleen M. OUELLETTE,
*Appellant,*

*v.*

EDGAR MAEYENS, JR., M.D., P.C.,
and Edgar Maeyens, Jr., M.D.,
*Respondents,*

*and*

Marcie SNODGRASS,
*Defendant.*

(90 CV 1073; CA A68836)
(Cases Consolidated for Argument and Decision)
828 P2d 479

Roger Gould, Coos Bay, argued the cause for appellants. With him on the brief was Joelson, Gould, Wilgers and Dorsey, P.C., Coos Bay.

D. Mack Walls, Coos Bay, argued the cause for respondents. On the brief were Orrin R. Ormsbee and Ormsbee and Corrigall, Coos Bay.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiffs appeal from judgments dismissing their intentional infliction of emotional distress claims against their former employer (in his personal and corporate capacity) on the ground that they failed to allege ultimate facts sufficient to constitute a claim.[1] ORCP 21A(8). We affirm.

Plaintiffs' claims stem from the events surrounding their termination. Because plaintiffs refused to replead after the trial court dismissed their complaints, we presume that they have stated their case as strongly as the facts permit. *Franklin v. PCC*, 100 Or App 465, 467, 787 P2d 489 (1990). Plaintiffs allege that, in the course of terminating their employment, Defendant directed plaintiffs to hold hands with 2 of their co-workers, demanded that they surrender their keys, paced tensely in front of them with clenched hands, accused them of being liars and saboteurs, terminated their employment, refused to explain his conduct and rashly ordered them off the premises.[2]

---

[1] Although each plaintiff filed a separate complaint, the facts alleged in each complaint are, as they pertain to the decision here, the same. Therefore, we have consolidated their cases for decision.

[2] Plaintiff Watte alleges, in relevant part:

"2.

"Plaintiff was an employee of Defendant MAEYENS, P.C. from May 1, 1987 until October 27, 1989. She worked as back desk receptionist in the medical office.

"* * * * *

"4.

"On October 27, 1989, Defendant MAEYENS called Plaintiff into his office along with other employees of MAEYENS, P.C., LOANNE FITZHUGH, KATHLEEN OUELLETTE AND KATHRYN F. CUTLIP. During that meeting Defendant MAEYENS terminated the employment of Plaintiff and the other three named employees effective immediately.

"5.

"In effecting Plaintiff's termination * * * Defendant MAEYENS used a method of communicating the termination to Plaintiff which was intended to inflict severe emotional distress upon Plaintiff in the following particulars, to-wit:

"A. When Defendant MAEYENS called Plaintiff and the other three employees into the living room area, he ordered the four ladies to sit together in front of him. He then paced in front of Plaintiff and the other three for several moments with his hands clenched behind his back. He then abruptly stopped, faced all four, and ordered them to produce their office keys. When

■    To state a claim, a plaintiff must allege that

"(1) defendant intended to inflict severe emotional distress on plaintiff, (2) defendant's acts did in fact cause plaintiff to suffer severe emotional distress, and (3) defendant's acts consisted of 'some extraordinary transgression of the bounds of socially tolerable conduct.' " *Lewis v. Oregon Beauty Supply Co.*, 302 Or 616, 626, 733 P2d 430 (1987).

The parties do not dispute that plaintiffs adequately alleged that defendant intended to cause, and that plaintiffs actually suffered, severe emotional distress. However, plaintiffs must also allege facts that if true, would be sufficient to establish that the conduct exceeded the bounds of social toleration.

---

Mrs. Fitzhugh stood-up and fumbled for her keys, Defendant MAEYENS angrily ordered her to sit down.

"B.  Defendant MAEYENS then abruptly changed the expression on his face and with a smile and congenial voice stated to Plaintiff and the other three employees 'I want you foursome to hold hands'. When Plaintiff asked him why, he only responded, 'you know why'. Defendant MAEYENS then abruptly changed his facial expression and angrily told Plaintiff and the other three, 'all four of you are fired'.

"C.  Defendant MAEYENS again paced in front of Plaintiff and the other three employees with his hands clenched behind his back and informed Plaintiff and the other three employees that they had sabotaged his office for the last time. He called Plaintiff and the other three employees liars and told them that they were sabotaging his office, new employees and future employees. When Mrs. Ouellette asked Defendant MAEYENS what he was talking about, Defendant MAEYENS responded angrily 'shut-up and quit your lying, KO'. Defendant MAEYENS then informed Plaintiff and the other three employees they were not to use him as a referral for future employment and informed them he 'did not want to see your faces in my office again, or your families'.

"D.  As Plaintiff was leaving the living room area, Defendant MAEYENS told her and the other three if they have left anything in the office he would mail it to them but, 'now, get out'.

"E.  As Mrs. Ouellette was asking Plaintiff if she needed a ride home because she was so shaken, Mrs. Fitzhugh stated to Defendant MAEYENS that he owed her an explanation. Defendant MAEYENS responded to Mrs. Fitzhugh, 'if you don't leave now I will bodily through [*sic*] you out, pregnant or not'.

"6.

"Defendant MAEYENS' actions * * * was [*sic*] intended to inflict severe emotional distress on Plaintiff and the others. Defendant MAEYENS' conduct did cause Plaintiff severe emotional distress all to her non-economic damage.

"7.

"Defendant MAEYENS' conduct consisted of action which was an extraordinary transgression of the bounds of socially tolerable conduct. Defendant MAEYENS' conduct was abusive and threatening and deliberately performed in furtherance of his objective of inflicting emotional distress to punish Plaintiff for imagined and unsubstantiated misconduct."

*Patton v. J. C. Penney Co.*, 301 Or 117, 122, 719 P2d 854 (1986).

■ Although discharging an employee, without more, does not constitute an extraordinary transgression of the bounds of socially tolerable behavior, an employer might engage in socially intolerable conduct in the course of a firing. *Madani v. Kendall Ford, Inc.*, 312 Or 198, 205, 818 P2d 930 (1991). That is what plaintiffs alleged happened here. However, the charged conduct did not sink to the actionable level.

■ Socially intolerable conduct is conduct that is "outrageous in the extreme." *Patton v. J. C. Penney Co.*, *supra*, 301 Or at 124. Conduct that is merely "rude, boorish, tyrannical, churlish and mean" does not satisfy that standard, 301 Or at 124, nor do "insults, harsh or intimidating words, or rude behavior ordinarily * * * result in liability even when intended to cause distress." *Hall v. The May Dept. Stores*, 292 Or 131, 135, 637 P2d 126 (1984).[3]

■ Defendant's conduct that plaintiffs allege was, at worse, insulting, rude, boorish, tyrannical, churlish and mean. It did not exceed the bounds of social toleration. *See Petty v. Rogue Federal Credit Union*, 106 Or App 538, 809 P2d 121, *rev den* 311 Or 432 (1991). Accordingly, the trial court did not err in granting defendant's motion to dismiss.

Affirmed.

---

[3] In *Woods v. First American Title Ins. Co.*, 102 Or App 343, 794 P2d 454, *on recon* 104 Or App 100, 798 P2d 1121 (1990), *rev den* 311 Or 151 (1991), the plaintiff alleged that her employer accused her of being a liar, a thief and a fraud in front of a third person, knowing that those accusations were false, and persuaded a police officer to harass her on the basis of those accusations. We held that the plaintiff had stated a claim for intentional infliction of emotional distress, because the defendant's conduct constituted more than every day rude behavior. In contrast, plaintiffs do not allege that they were falsely accused of criminal or fraudulent conduct, nor do they allege that defendant subjected them to an unwarranted criminal investigation.