Argued and submitted December 7, 1998, affirmed July 7, 1999

Deborah PHILLIPS,
individually and as guardian *ad litem* for
Abby Phillips, a minor,
*Appellant,*

*v.*

LINCOLN COUNTY SCHOOL DISTRICT,
*Respondent.*

(97-1095; CA A99028)

984 P2d 947

Scott Beckstead argued the cause and filed the briefs for appellant.

Lisa E. Lear argued the cause for respondent. With her on the brief were Karen M. Vickers and Bullivant Houser Bailey.

Before Landau, Presiding Judge, and Haselton and Linder, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

The mother of a 12-year-old middle school student initiated this action for damages arising from the refusal of two employees of defendant school district to permit the student to use her nickname at school. The trial court entered summary judgment dismissing all claims. We affirm.

The relevant facts are not in dispute. Abby Phillips was a sixth-grade student at Waldport Middle School. Plaintiff Deborah Phillips is Abby's mother. To her friends and family, Abby always has been known by the nickname "Boo."

Briggs was a teacher at Waldport Middle School and taught the school's health curriculum. Alcohol and drug education is part of that curriculum. One lesson includes the identity of various drugs and requires students to list the street names for marijuana and other drugs. Every time Briggs taught that lesson, his students listed the word "boo" as a street name for marijuana.

At school, Abby turned in school assignments with her nickname, "Boo," at the top of the page. Briggs told her to use her full name on all assignments, as he required all other students to do. On at least one occasion, when another student referred to Abby by her nickname, Briggs told Abby and her classmates not to use the nickname, as it is the street name for marijuana. On another occasion, when a student referred to Abby by her nickname, another teacher, Kilduff, told the student not to use the nickname, because it is a synonym for "marijuana." When Abby objected, Kilduff told Abby to sit in the corner of the classroom. Following that, Abby was subjected to teasing by her peers, who called her "pot" and "marijuana." Eventually, the teachers relented and permitted Abby to be called by her nickname in school.

Deborah Phillips, as guardian *ad litem* for Abby, filed a complaint against the school district of which Waldport Middle School is a part. The complaint alleged claims of negligence, false-light invasion of privacy, and intentional infliction of emotional distress and requested damages for the emotional distress that Abby suffered as a result of her teachers' refusal to permit her to use her nickname in school. Defendant moved for summary judgment on each of the

claims. The trial court allowed the motion and dismissed the complaint. On appeal, plaintiff challenges the trial court's ruling on the summary judgment motion.

Plaintiff first challenges the trial court's ruling with respect to her negligence claim. According to plaintiff, the district's employees, Briggs and Kilduff, were negligent in failing to exercise reasonable care in making statements about Abby and the significance of her nickname when they knew or should have known of the harm to her that might result. Defendant contends that the trial court correctly dismissed plaintiff's negligence claim, because plaintiff neither alleged nor proved that Abby suffered any physical injury from the statements of Briggs and Kilduff. According to defendant, under Oregon law, a claim for negligent infliction of emotional distress will not lie in the absence of physical impact or injury. Plaintiff acknowledges that Oregon courts follow the "physical impact" rule in negligence cases, but she insists that her claim falls within a recognized exception to the rule, which requires no physical impact or injury if a defendant "infringes on a legally protected interest or right." According to plaintiff, defendant's employees infringed on Abby's common-law and constitutional right to be named as she pleases.

In reviewing the decision of a trial court to allow a summary judgment motion, we view the evidence in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997).

■ ■ In *Hammond v. Central Lane Communications Center*, 312 Or 17, 24, 816 P2d 593 (1991), the Supreme Court explained that it has recognized common-law liability for psychic injury alone only in limited circumstances. Among those limited circumstances are those in which a defendant has "infringed on some legally protected interest apart from causing the claimed distress * * *." *Id.* at 23. In *Curtis v. MRI Imaging Services II*, 148 Or App 607, 615-18, 941 P2d 602 (1997), *aff'd on other grounds* 327 Or 9, 956 P2d 960 (1998), we reviewed the relevant case law and concluded that the

term "legally protected interest" refers to an independent basis of liability separate from the general duty to avoid foreseeable risk of harm.

■ The independent basis of liability on which plaintiff relies in this case is the violation of the supposed common-law and constitutional right to be named in accordance with one's own wishes. Whatever the merits of plaintiff's contention that there is a common-law and constitutional right to be given a chosen name, such a right has no application to this case. What is at issue in this case is the asserted right to use a chosen nickname *at school* and the liability, if any, for violating that right. Plaintiff has cited no authority for the proposition that there lies an independent basis of liability for interfering with the ability of an individual to claim a nickname at school, and we are aware of none. *See Hazelwood School District v. Kuhlmeier*, 484 US 260, 266, 108 S Ct 562, 98 L Ed 2d 592 (1988) (constitutional rights of students at school " 'are not automatically coextensive with the rights of adults in other settings' ") (quoting *Bethel School District No. 403 v. Fraser*, 478 US 675, 682 (1986)). It follows that plaintiff's negligence claim falls victim to the "physical impact" rule and that the trial court correctly entered summary judgment in favor of defendant.

■ Plaintiff next challenges the trial court's ruling with respect to the false-light invasion of privacy claim. Plaintiff contends that, by telling other students that Abby's name was a synonym for marijuana, Briggs and Kilduff publicly suggested that Abby used illegal drugs such as marijuana or condoned the use of drugs such as marijuana. Defendant contends that the truth of Briggs's and Kilduff's statements—that "boo" is a street name for marijuana—defeats the claim. In any event, defendant argues, nothing that Briggs and Kilduff said suggested that Abby used or condoned the use of drugs or that they knew or acted in reckless disregard of the fact that what they said bore that implication.

■ In *Dean v. Guard Publishing Co.*, 73 Or App 656, 659, 699 P2d 1158 (1985), we recognized an action for false light as a common-law tort and adopted the *Restatement (Second) of Torts* § 652 E as the proper description of the elements that must be proven to prevail in such an action:

" 'One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

" '(a)   the false light in which the other was placed would be highly offensive to a reasonable person, and

" '(b)   the actor has knowledge of or acted in reckless disregard as to the falsity of the publi[ci]zed matter and the false light in which the other would be placed.' "

The tort of false light is akin to the tort of defamation in that it is based on statements about a person that lead others to believe something about that person that is false. *Dean,* 73 Or App at 659.

■ ■   Defendant's argument that Briggs's and Kilduff's statements—that "boo" is a street name for marijuana—were not false is beside the point. The focus of the tort is not on the truth or falsity of a particular statement, but instead is whether what has been said leads others to believe something *about the plaintiff* that is false. In *Dean v. Guard Publishing Co., Inc.,* 88 Or App 192, 744 P2d 1296 (1987), for example, the defendant newspaper ran a story about the opening of an alcohol rehabilitation center and included a picture of the plaintiff at the center's alcohol aversion treatment facility. The plaintiff alleged that he was at the facility only to attend an open house, but the picture suggested that he was there for treatment. The paper averred that it could not be liable because, in fact, the plaintiff was an alcoholic, and the trial court directed a verdict for the paper on that ground. We reversed, holding that the point was not that the plaintiff was an alcoholic, but that the paper had published a picture that suggested that he currently was undergoing alcohol aversion treatment. *Id.* at 196-97. Similarly, in this case, the relevant issue is not whether "boo" refers to marijuana, but whether the teachers' association of the term with Abby falsely suggested that she used or condoned the use of the drug.

Defendant's other argument, however, is well taken. Briggs and Kilduff said only that Abby's nickname, "Boo," is a street name for marijuana and asked her not to use the name at school. Neither Briggs nor Kilduff told anyone that

Abby used drugs or condoned the use of drugs. Even assuming for the sake of argument that what they did say somehow permitted others to infer that Abby must either use or condone the use of marijuana, the record still remains devoid of any suggestion that either Briggs or Kilduff knew of that inference or acted in reckless disregard of the likelihood that the inference would be made. We conclude therefore that plaintiff's false-light claim failed as a matter of law and that the trial court did not err in entering summary judgment in favor of defendant.

■      Finally, plaintiff contends that the trial court erred in ruling in favor of defendant on her claim for intentional infliction of emotional distress. She argues that defendant is liable because what Briggs and Kilduff said was "outrageous in the extreme" and caused Abby emotional distress. Defendant argues that the claim fails as a matter of law because what Briggs and Kilduff said does not rise to the level of actionable, outrageous conduct.

■      To withstand a summary judgment motion on a claim for intentional infliction of emotional distress, plaintiff must offer some evidence that demonstrates that defendant's conduct constitutes "an 'extraordinary transgression of the bounds of socially tolerable conduct.'" *Turnbow v. K. E. Enterprises, Inc.*, 155 Or App 59, 64-65, 962 P2d 764 (1998) (quoting *Patton v. J. C. Penney Co.*, 301 Or 117, 122, 719 P2d 854 (1986)). Plaintiff argues that the evidence in this case satisfies that requirement:

"In this case, Briggs and Kilduff told Abby, a 12-year-old girl, that she could not use her other name of 'Boo,' and that her classmates and peers could not address her by her name of 'Boo.' This arbitrary policy took the form of a personal attack on Abby's identity and self-concept."

(Citation to the record omitted.) According to plaintiff, telling Abby and her peers not to use her nickname "humiliated her, and destroyed an important component of her identity."

Stripped of rhetoric, however, the facts boil down to Briggs and Kilduff telling Abby to use her given name in class. We fail to see how a reasonable juror could find that such conduct constitutes an extraordinary transgression of

the bounds of socially tolerable conduct. We conclude that the trial court did not err in entering summary judgment in favor of defendant on plaintiff's claim for intentional infliction of emotional distress.

Affirmed.