Argued and submitted March 11, affirmed July 3, 2002

## Walter LOCKETT
## and Kristin Santose,
### *Appellants,*

*v.*

## Gary HILL,
### *Respondent.*

## 00C-14419; A115245

51 P3d 5

James J. MacAfee argued the cause for appellants. With him on the brief was James J. MacAfee, P.C.

No appearance for respondent Gary Hill.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

SCHUMAN, J.

### SCHUMAN, J.

Defendant's dogs killed plaintiffs' cat. The trial court found that defendant was negligent and awarded plaintiffs $1,000 in compensatory damages but denied plaintiffs' claims for negligent infliction of emotional distress and loss of companionship. Plaintiffs appeal, arguing that they should be compensated for emotional distress resulting from witnessing the death of their pet. We affirm.

Although defendant's answer denied all of the allegations in plaintiffs' complaint, defendant did not appear at trial to offer any evidence contradicting plaintiffs' testimony or affidavits. Nor did defendant appear on appeal. The trial court found that plaintiffs had made out a *prima facie* case for negligence; we can therefore infer that the court found the following facts, which are necessary to support that conclusion.

Defendant's two pit bulls, running loose without permission on plaintiffs' property, spotted their pet cat, chased her into a neighbor's yard, and mauled her to death. Plaintiff Santose saw the beginning of the chase and called to her husband, plaintiff Lockett, who ran from their house and attempted to stop the attack. After the dogs dropped the mauled cat on the ground and ran away, Santose picked her up and saw she was gravely injured but still alive. Plaintiffs immediately rushed her to the veterinarian, but she died en route.

In this action, plaintiffs allege that defendant was negligent in keeping and harboring deadly animals in a residential setting and in failing properly to control, train, and restrain them, "conduct which constitutes a clear private nuisance," as a result of which plaintiffs "suffered significant mental anguish" and "were deprived of [the cat's] future companionship." They sought $10,000 in damages for emotional distress and $8,760 in damages for loss of companionship. The trial court found that the cat's death was the foreseeable result of defendant's negligence. However, the court held that, as a matter of law, plaintiffs could not recover emotional distress damages and that no precedent in Oregon law allowed damages for the loss of a pet's companionship.

Plaintiffs assign error to the denial of damages for emotional distress and loss of companionship. Their arguments on appeal, however, focus exclusively on the legal standards governing awards of damages for emotional distress. As plaintiffs present no legal argument for reversing the denial of damages for loss of companionship, we affirm that portion of the trial court's judgment without further discussion and address only the "negligent infliction of emotional distress" issue.

Generally, a person cannot recover for negligent infliction of emotional distress if the person is not also physically injured, threatened with physical injury, or physically impacted by the tortious conduct. *Hammond v. Central Lane Communications Center*, 312 Or 17, 22-23, 816 P2d 593 (1991). The rule, however, is not absolute. Under one exception, such recovery may occur if "the defendant's conduct infringed on some legally protected interest apart from causing the claimed distress * * *." *Id.; accord Nearing v. Weaver*, 295 Or 702, 706-08, 670 P2d 137 (1983). "[T]he term 'legally protected interest' refers to an independent basis of liability separate from the general duty to avoid foreseeable risk of harm," *Phillips v. Lincoln County School District*, 161 Or App 429, 432-33, 984 P2d 947 (1999), and "the identification of such a distinct source of duty is the *sine qua non* of liability for emotional distress damages unaccompanied by physical injury." *Curtis v. MRI Imaging Services II*, 148 Or App 607, 618, 941 P2d 602 (1997), *aff'd on other grounds* 327 Or 9, 956 P2d 960 (1998) (citations and footnotes omitted). Further, emotional distress damages cannot arise from infringement of every kind of legally protected interest, but from only those that are "of sufficient importance as a matter of public policy to merit protection from emotional impact." *Hilt v. Bernstein*, 75 Or App 502, 515, 707 P2d 88 (1985), *rev den* 300 Or 545 (1986); *accord Meyer v. 4-D Insulation Co., Inc.,* 60 Or App 70, 74-75, 652 P2d 852 (1982).

Thus, because defendant's pit bulls did not physically injure or even tortiously touch plaintiffs, they must prove that: (1) defendant not only negligently allowed his dogs to run free, thereby foreseeably injuring plaintiffs' cat; (2) in so doing, defendant breached a legal duty to them over

and above the general duty to avoid foreseeable harm; and (3) the breach of duty resulted in the invasion of an interest that is sufficiently important to merit, if it is harmed, an award of damages for emotional distress.

■        Plaintiffs suggest two such legal duties: the duty to avoid inflicting private nuisance and the duty to avoid injuring "constitutive property" such as pets. They do not seriously pursue the argument based on private nuisance, nor would serious pursuit have succeeded. Private nuisance is defined as an "invasion of the individual's interest in the use and enjoyment of land." *Macca v. Gen. Telephone Co. of N.W.*, 262 Or 414, 418-19, 495 P2d 1193 (1972). Although defendant's dogs did invade plaintiffs' land, and that particular invasion doubtless affected their enjoyment of it, the interest that lies at the heart of their complaint is not related to their real property but to their cat. Indeed, the action giving rise to emotional distress—the actual attack on the cat and its subsequent death—did not take place on their land but on their neighbor's.

Rather, plaintiffs rely on a theory of constitutive property. That theory is based on the proposition that ownership or possession of certain personal property, like a pet, can become a central aspect of the owner's sense of identity. In support of this proposition, plaintiffs cite Steven M. Wise, *Wrongful Death of a Companion Animal*, 4 Animal L 33 (1998). Wise refers to pets, for which he uses the term "companion animals," as "quasi-children" who "may also be metaphorical extensions of their owners" to the extent that "the wrongful killing of one's companion animal may threaten the way in which an owner constitutes herself: in losing her companion animal, she loses a vital part of herself." *Id.* at 67-68. According to plaintiffs, Oregon courts have already identified a person's interest in constitutive property as a legally protected interest. They rely on *Mooney v. Johnson Cattle*, 291 Or 709, 717, 634 P2d 1333 (1981), in which the Supreme Court commented in *dictum* that "such noneconomic values as personal association, love of a place, and pride in one's

work * * * add up to one's sense of identity." The companionship of a pet, plaintiffs argue, is similar in kind to the "values" named in *Mooney*.

Plaintiffs then argue that we have the authority to declare that wrongful destruction of such constitutive property is a breach of duty or invasion of an interest on which emotional damages can be based. In support of that argument, plaintiffs cite *Meyer*, 60 Or App at 79, where we noted that "[e]xtension of the right to recover damages for mental distress in a given case is basically a policy decision." Plaintiffs, in other words, ask us to acknowledge that people have a legally protectible interest in the integrity of constitutive property and that a companion animal is such property and then to declare that that interest is one the interference with which should support an award of damages for emotional distress.

■■ The fatal flaw in plaintiffs' logic occurs at the first step. Our authority to make policy choices in this context is limited to deciding which independent legally protectible interests are sufficiently important to serve as the foundation for emotional distress damages; it does not extend to creating independent legally protectible interests. *See Curtis*, 148 Or App at 620-21 (emphasizing two-step process; noting that policy choice applies to second step, *i.e.*, deciding whether the preexisting, legally protectible interest is of sufficient importance to merit protection from emotional impact). No Oregon court has recognized that a person's interest in a sense of identity is legally protectible. The court's passing comment in *Mooney* served only to illustrate the obvious point that tort law sometimes protects interests beyond commercial or economic well-being. That is a far cry from a sweeping statement that a person's sense of identity is a legally protected interest and an even farther cry from including a person's attachment to a companion animal as necessarily integral to that identity. Thus, plaintiffs have directed us to no authority for the proposition that defendant's negligent conduct breached a duty over and above the duty to avoid foreseeable risk, that is, that defendant's negligent conduct interfered with an interest that is protected by something beyond negligence

law.[1] The trial court did not err in denying plaintiffs' claim for damages based on emotional distress.

Affirmed.

---

[1] A dog that injures or kills a pet cat is a *public* nuisance. ORS 609.095(1)(h); ORS 167.310(2). "Public nuisances must be vindicated by the state unless an individual can show that he has suffered a special damage over and above the ordinary damage caused to the public at large, in which case he has a private action for damages." *Raymond v. Southern Pacific Co.*, 259 Or 629, 634, 488 P2d 460 (1971). Plaintiffs do not argue, and we therefore do not decide, whether the public nuisance statutes impose a legal duty on dog owners unrelated to negligence, see *Nearing*, 295 Or at 707 (some statutes can impose duties), and, if so, whether the corresponding interest that pet owners have in the continued well-being of their pets *vis-à-vis* aggressor dogs is sufficiently important, as a matter of public policy, to merit, if it is harmed, an award of damages for emotional distress.

# CASES AFFIRMED WITHOUT OPINION

### (52 P3d 447, 448)

### June 26, 2002

Carpenter v. Breen (A116625)

Froehle v. Employment Department (A115163), *rev den* 334 Or 631

Howe, Howard Lee v. Lampert (A112527), *rev den* 334 Or 631

In the Matter of Batzell, Peter, Alleged to be a Mentally Ill Person. State v. Batzell, Peter (A114702)

In the Matter of Dickenson, Shiloh, a Minor Child. State ex rel Juvenile Department of Wallowa County v. Dickenson (A114309)

In the Matter of Hillard, Clifford, Alleged to be a Mentally Ill Person. State v. Hillard, Clifford (A115396)

In the Matter of Patton, Jeremy Dwayne, a Minor Child. State ex rel Juvenile Department of Coos County v. Patton (A111110), *rev den* 334 Or 632

In the Matter of the Compensation of Avila, Bertha J., Claimant. Avila v. Wal-Mart Stores, Inc. (A113475)

In the Matter of the Compensation of Brenner, Ted, Jr., Claimant. Brenner v. SAIF Corporation et al (A113611)

In the Matter of the Compensation of Elliott, Penny G., Claimant. Elliott v. SAIF Corporation et al (A114226)

In the Matter of the Compensation of LaMere, Gina E., Claimant. LaMere v. Merle West Medical Center (A116407)

In the Matter of the Marriage of Saari and Saari (A110755)

Jackson, James D., Jr. v. Lampert (A111869), *rev den* 334 Or 631

Jenkins v. Bouchard (A111052)

Lalack, David L. v. Lampert (A112419)

Martens v. Driver and Motor Vehicle Services Division (DMV) (A111930)

Montserrat v. Board of Tax Service Examiners (A113971)

Serrato-Santoyo, Octavio v. Lampert (A111591)

State v. Backstrom, Eric B. (A112225)

State v. Estep, James David (A111417), *rev den* 334 Or 632

State v. Gwyn, Cory Joe (A114404)

State v. Lucas, Carl Edwin (A105870)

Stidhem, Donald v. Palmateer (A115035)

Webb, Troy v. Lampert (A111677), *rev den* 334 Or 632

### July 3, 2002

Baker, Mark H. v. Palmateer (A113607), *rev den* 334 Or 631

Buscher v. Employment Department et al (A114301)

Frost, Robert A., Jr. v. Palmateer (A110309)

In the Matter of Desomer, Jessica Ann, a Minor Child. State ex rel Department of Human Services v. Allen (A116234)

In the Matter of Gross, Eric, Alleged to be a Mentally Ill Person. State v. Gross, Eric (A113706)

In the Matter of Kimmel, Coty Alexander; aka Kimmel, Cody; aka Kimmel, Cody Alexander, a Minor Child. State ex rel Juvenile Department of Multnomah County v. Martus (A117021), *rev den* 334 Or 632

In the Matter of the Marriage of Brittle, aka Wilson and Brittle (A112309)

Jennings v. Driver and Motor Vehicle Services Branch (DMV) (A99520)

Losli v. Public Employees Retirement Board (A111300)

**(52 P3d 448)**

Martin, dba Ron Martin Wholesale v. Department of Transportation (A113374)
Salyer, Roy J. v. Palmateer (A111962)(A109633)
State of Oregon ex rel State of California and Falcone v. Vitale / State v. Vitale,
    Edward A. (A112674)

# CASES AFFIRMED FROM THE BENCH

## (52 P3d 447)

### June 28, 2002

State v. Albert-Garcia, Jennifer Kellie; aka Garcia, Jennifer Kellie Albert; aka Albert, Garcia Jennifer Kellie; aka Alber, Jennifer Kellie Garcia (A116001)

State v. Bauman, Steven Wayne (A111863)

State v. Bowen, Floyd Eugene (A111086)

State v. Chacon, Adrian Kane (A111058), *rev den* 334 Or 632

State v. Clavette, Michael (A110108), *rev den* 334 Or 632

State v. Dixon, Barry Wayne (A112875)

State v. Eivers, Eric Anthony (A113244)

State v. Fowler, Jason Jesse; aka Fowler, Jason Jessie (A110054)

State v. Gathers, Lori Lynne; aka Devaynes, Dora; aka Casterline, Lori; aka Craft, Jennifer (A110478-80)

State v. Gonzalez, Carlos Vinicio; aka Gonzalez, Carlos Venecio (A104811)

State v. Granacki, John Leland, Jr. (A111090)

State v. Hreha, John Clancy (A113055)

State v. Hunt, Frances Alberta (A112610)

State v. Kelly, Patrick O'Brian (A112546)

State v. Lozano, Martin; aka Nunez, Cristoval; aka Moreno, Martin Lozano; aka Lozano, Martin Moreno (A116189-95)

State v. Meyers, Jeremy Leroy; aka Smith, Jason Lee (A112482)

State v. Mitchell, Edna Lue (A116569)

State v. Noah, Mickey Allen (A111030), *rev den* 334 Or _____

State v. Powell, Anthony Duwane (A109583), *rev den* 334 Or _____

State v. Ruff, Wendy Leigh (A112668), *rev den* 334 Or 632

State v. Sieckmann, Wesley Delyle; aka Sieckmann, Westley Delyle (A115553) (A115593)(A115916)

State v. Smith, Jay D. (A110262)

State v. Vallejo, Luis Felipe (A109926)

State v. Westfall, Chester Carlton (A109429)