Pamela **ROSKOWSKI**, Plaintiff–
Appellant,

v.

**CORVALLIS POLICE OFFICERS' AS-
SOCIATION, an Oregon non-profit
corporation; International Brother-
hood of Teamsters, Local 223,** Defen-
dants–Appellees.

No. 05–35737.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 24, 2007.

Filed Oct. 10, 2007.

Richard C. Busse, Esq., Scott N. Hunt,
Esq., Matthew B. Duckworth, Esq., Busse
& Hunt, Portland, OR, for Plaintiff–Appel-
lant.

Michael J. Tedesco, Esq., Sarah K.
Drescher, Esq., Hillsboro, OR, for Defen-
dants–Appellees.

Before: FERNANDEZ, SILVERMAN,
and GRABER, Circuit Judges.

**MEMORANDUM**[*]

Pamela Roskowski appeals the district
court's grant of summary judgment to
Corvallis Police Officers' Association

(CPOA) and the International Brotherhood
of Teamsters, Local 223. We affirm.

(1) Roskowski, a former police chief of
the City of Corvallis, Oregon, was a public
figure. Because of that, she cannot prevail
on her claims of libel unless she can show
by clear and convincing evidence that any
false statements of fact[1] were made with
actual malice. *See Masson v. New Yorker
Magazine, Inc.*, 501 U.S. 496, 509–11, 111
S.Ct. 2419, 2429–30, 115 L.Ed.2d 447
(1991); *Harte–Hanks Comms., Inc. v.
Connaughton*, 491 U.S. 657, 686–88, 109
S.Ct. 2678, 2695–96, 105 L.Ed.2d 562
(1989); *New York Times Co. v. Sullivan*,
376 U.S. 254, 279–80, 84 S.Ct. 710, 726, 11
L.Ed.2d 686 (1964); *Dodds*, 145 F.3d at
1059–60; *Rattray v. City of Nat'l City*, 36
F.3d 1480, 1486–87 (9th Cir.1994);
*McNabb v. Oregonian Publ'g Co.*, 69 Or.
App. 136, 685 P.2d 458, 460–61 (1984). We
agree with the district court that, on this
record, she has not submitted sufficient
evidence to sustain that burden. Thus,
summary judgment was appropriate. *See
Anderson v. Liberty Lobby, Inc.*, 477 U.S.
242, 254–56, 106 S.Ct. 2505, 2513–14, 91
L.Ed.2d 202 (1986).

(2) The failure of Roskowski to submit
sufficient evidence of actual malice also
sinks her false light claim. *See Dean v.
Guard Publ'g Co., Inc.*, 73 Or.App. 656,
699 P.2d 1158, 1159–60 (1985); *McNabb*,
685 P.2d at 462.

(3) To the extent that Roskowski relies
on statements posted on CPOA's interac-
tive computer site and has not shown that
CPOA made those postings itself, she can-
not hold CPOA liable for the content of the
postings. *See* 47 U.S.C. § 230; *Carafano
v. Metrosplash.com., Inc.*, 339 F.3d 1119,

---

[*] This disposition is not appropriate for publica-
tion and is not precedent except as provided
by 9th Cir. R. 36–3.

1. Mere statements of opinion, no matter how
vituperative, are not actionable. *See Milko-*

*vich v. Lorain Journal Co.*, 497 U.S. 1, 20–21,
110 S.Ct. 2695, 2706–07, 111 L.Ed.2d 1
(1990); *Dodds v. Am. Broad. Co.*, 145 F.3d
1053, 1068 (9th Cir.1998); *Haas v. Painter*, 62
Or.App. 719, 662 P.2d 768, 770 (1983).

1122–23 (9th Cir.2003); *Batzel v. Smith,* 333 F.3d 1018, 1030–31 (9th Cir.2003); *cf. Fair Housing Council v. Roommates.com, LLC,* 489 F.3d 921, 925 (9th Cir.2007).

(4) Roskowski did not submit evidence that would sustain a determination that the statements by CPOA went beyond any reasonable limit of social toleration to support her claim of intentional infliction of emotional distress. *See McGanty v. Staudenraus,* 321 Or. 532, 901 P.2d 841, 849 (1995); *Watte v. Maeyens,* 112 Or.App. 234, 828 P.2d 479, 481 (1992); *Christofferson v. Church of Scientology,* 57 Or.App. 203, 644 P.2d 577, 584 (1982); *see also Volm v. Legacy Health Sys., Inc.,* 237 F.Supp.2d 1166, 1179–80 (D.Or.2002). Especially is that true where, as here, no special relationship or particularly vulnerable victim is involved.

AFFIRMED.

GRABER, J., concurring in part and dissenting in part.

I respectfully part company with my colleagues as to Paragraphs 1 and 2. I would hold that two statements of fact (that Plaintiff made studies disappear and that she selected a records system against the recommendation of the committee) were actionable. Plaintiff's affidavit and attached documents, along with evidence of personal animosity on the part of some of Defendants' leaders, suffice to permit a finder of fact to conclude that those two statements were false, that Defendants acted with actual malice, and that the other elements of the claims for libel and false light are established. Accordingly, in my view, summary judgment was improper with respect to those two statements and those two claims.

As to the remaining allegations of libel and false light, and as to the remaining claims, I agree that summary judgment against Plaintiff was proper. Therefore, I concur in part and dissent in part.