**Deborah C. PITTMAN, Plaintiff—Appellant,**

v.

**TRAVELERS INDEMNITY COMPANY, a Connecticut corporation, Constitution State Services, LLC, Defendants—Appellees.**

No. 06–35626.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2008.

Filed July 25, 2008.

Rex Q. Smith, for Plaintiff–Appellant.

Michael R. Seidl, Landye Bennett Blumstein, LLP, Portland, OR, for Defendants–Appellees.

Before: SCHROEDER and PREGERSON, Circuit Judges, and STROM,* District Judge.

MEMORANDUM **

Deborah C. Pittman appeals the district court's order granting a Fed.R.Civ.P. 12(b)(6) motion to dismiss Pittman's claim for intentional infliction of emotional distress. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The basis of Pittman's claim is that defendants' agents intentionally concealed

evidence—specifically, a videotape and a recorded statement—to delay proceedings in her workers' compensation appeal.

We briefly review the pertinent factual and procedural history. On November 12, 2003, Pittman requested a hearing to appeal the denial of her workers' compensation claim. The hearing was scheduled for February 9, 2004. On February 4, 2004, the defendants' attorney, who believed that his clients did not possess any evidence alerting them to the nature of Pittman's claim, requested a continuance so that the defendants could respond to Pittman's repetitive work injury claim. During that conference, the defendants' attorney, apparently on the basis of the clients' statements to the attorney, represented to the ALJ that the defendants did not possess a videotape or recorded statement. The ALJ indefinitely postponed the hearing. On February 17, 2004, the defendants proposed a low settlement offer, which Pittman declined despite her financial difficulties. The parties conducted further discovery, and the defendants eventually turned over the videotape and recorded statement, which they had possessed all along. On May 15, 2004, the defendants agreed to accept Pittman's workers' compensation claim and awarded her the benefits she had requested. The case was ultimately resolved in Pittman's favor in less than seven months.

Pittman contends that it was an extraordinary transgression of the bounds of socially tolerable conduct to conceal evidence for the purpose of engineering an indefinite set-over of the hearing date to coerce Pittman into accepting an unreasonably low settlement offer.

---

* The Honorable Lyle E. Strom, U.S. District Judge for the District of Nebraska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

On a motion to dismiss under Fed. R.Civ.P. 12(b)(6), Pittman is entitled to all reasonable inferences from the facts alleged in the Complaint. *Usher v. Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987). To state a claim for intentional infliction of emotional distress, Pittman must show: (1) the defendant intended to inflict severe emotional distress on Pittman; (2) the defendant's acts were the cause of Pittman's severe emotional distress; and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct. *McGanty v. Staudenraus*, 321 Or. 532, 901 P.2d 841, 849 (1995).

Initially, the determination whether a plaintiff's allegations amount to an extraordinary transgression of the bounds of socially tolerable conduct is a question of law. *Harris v. Pameco Corp.*, 170 Or.App. 164, 12 P.3d 524, 529 (2000). The court undertakes a fact-specific inquiry, on a case-by-case basis. *Delaney v. Clifton*, 180 Or.App. 119, 41 P.3d 1099, 1106 (2002), *rev. denied*, 334 Or. 631, 54 P.3d 1041 (Or.2002). Conduct that is merely "rude, boorish, tyrannical, churlish and mean" does not satisfy the high standard that the defendant's acts must constitute an extraordinary transgression of the bounds of socially tolerable conduct. *Watte v. Edgar Maeyens, Jr., M.D., P.C.*, 112 Or.App. 234, 828 P.2d 479, 481 (1992), *rev. denied*, 314 Or. 176, 836 P.2d 1345 (Or.1992).

After reviewing the facts of this case, we agree with the district court's conclusion that the alleged misconduct by defendants, while reproachful, does not constitute "an extraordinary transgression of the bounds of socially tolerable conduct." *McGanty*, 901 P.2d at 849. The defendants' alleged misconduct in this case is not nearly as egregious as in the cases relied upon by Pittman. *Cf. Green v. State Farm Fire & Cas. Co.*, 667 F.2d 22 (9th Cir.1982).

Our review of Pittman's allegations reveals no basis for an intentional infliction of emotional distress claim. Because we affirm the district court's dismissal of Pittman's action, we need not address the other issues raised on appeal. Accordingly, we dismiss Pittman's Motion to Strike Appellee's Brief as moot.

AFFIRMED.